EDDIE LOCKE v. STATE

No. 31,816. April 13, 1960

*Neal Dancer,* Corpus Christi, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of marijuana; the punishment, 15 years.

Officers, armed with a search warrant authorizing their search of appellant's apartment, apprehended him at the Shamrock Bar, after which they went to his apartment where a quantity of marijuana was found. Appellant's written confession was introduced without objection, which recited that he had brought the marijuana from Monterrey, Mexico.

Appellant, testifying in his own behalf, stated that he was a professional baseball player and had been playing in Nicaragua, that in crossing the border at Laredo upon his return an unidentified man known to the cab driver had gotten in the back seat of the cab where his bag was located and that after he got home he discovered this large quantity of marijuana in his luggage. He stated that he rewrapped it and placed it at different places in his apartment, intending to throw it in the bay the next time he went fishing.

The jury chose to accept appellant's confession rather than his testimony. We find the evidence sufficient to support its verdict and shall discuss the facts more fully in connection with the contentions advanced by counsel in brief and in argument.

He first contends that the indictment is fatally defective. We find it drawn in accordance with Section 941 of Chapter 39, Willson's Criminal Forms, 6th Edition, and as approved by this court in Gonzalez v. State, 168 Tex. Cr. Rep. 49, 323 S. W. 2d 55 and cases there cited. The holding of this Court in Pelham v. State, 164 Tex. Cr. Rep. 226, 298 S. W. 2d 171, does not affect the manner of drawing the indictment, and it is not necessary to allege that the quantity possessed was sufficient to be applied to the use commonly made thereof.

Appellant contends that the court erred in permitting Lieutenant Jackson to testify that he received information from a reliable source and thereafter issued instructions to his subordinates who actually made the search. Lieutenant Jackson did not relate what information he received, and therefore the hearsay rule was not violated.

We find no error in the cross examination of appellant. He had testified that an unidentified man approached him in the rest room of a bar and asked him if he had brought back any marijuana with him from Mexico, that he had replied he had some at home which he would give to the man, and then said that he was going to throw it away. The prosecutor asked appellant on cross examination if in fact he had not offered to sell a quantity of marijuana to such man.

Appellant next complains of the failure of the court to instruct the jury to acquit if they found that appellant possessed the marijuana but did not voluntarily acquire possession thereof, did not intend to sell or use it, and intended to destroy it.

Reliance is had upon Sosa v. State, 161 Tex. Cr. Rep. 193, 275 S. W. 2d 655; Hernandez v. State, 137 Tex. Cr. Rep. 343, 129 S. W. 2d 301; and Fawcett v. State, 137 Tex. Cr. Rep. 14, 127 S. W. 2d 905. Sosa testified that Roy arrived at his shack and handed him something in a candy wrapper, did not tell him what it contained, and that he put it in his pocket without knowing its contents. In the case at bar, appellant testified that he found the substance, which he knew to be bulk marijuana, in his suitcase on the morning preceding his arrest, that it was wrapped in a Spanish newspaper which he removed and then rewrapped a portion of the same in another newspaper, and another portion in a piece of plastic, and placed the cigarettes in a Marlboro cigarette box before concealing the same in his apartment. There was no question of lack of knowledge in the case at bar, as appellant testified that he had seen marijuana "a lot of times" and recognized it as such before he repacked it.

Fawcett presented somewhat the same fact situation as was before us in Sosa. In Hernandez, appellant was not shown to have exercised any control over the envelope, knowing that it contained marijuana, and can have no application to the case at bar.

We have examined the requested charges and have concluded that the charge as given adequately presented the law involved in the case.

Finding no reversible error, the judgment of the trial court is affirmed.