**Mike GARCIA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44139.**

Court of Criminal Appeals of Texas.

Oct. 26, 1971.

Rehearing Denied Nov. 30, 1971.

Jones, Blakeslee, Minton, Burton & Fitzgerald by Dain P. Whitworth, Austin, for appellant.

· Robert O. Smith, Dist. Atty., Lawrence Wells, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On June 17, 1968, the appellant waived trial by jury and entered a plea of guilty[1] before the court to an indictment charging him with the possession of marihuana. The punishment was assessed at five years, but the imposition of the sentence was suspended and the appellant was placed on probation. Among the conditions of probation was the requirement that he "commit no offense against the laws of this or any other state or the United States."

On June 5, 1970, the State filed a motion to revoke probation alleging that appellant had violated his probation by committing the offense of attempted burglary during the probationary period.

A hearing on such motion was conducted on July 23, 1970, following which the court revoked probation and imposed sentence.

At the hearing Ray Rodriquez, part owner of Frances' Beauty Shop, 911 E. 1st Street, Austin, testified someone attempted to break into his locked establishment on June 4, 1970. Other evidence showed that a screen had been ripped out.

John Walker, who lived adjacent and just across the narrow driveway from the beauty shop, testified that at 2:20 a. m. on that date he was awakened by a barking dog, turned on his floodlight and saw the appellant jump off the hood of his wife's car parked in the driveway and leave.

His wife, Stella Walker, testified she was awakened at the time by someone hammering on the window glass of the beauty shop, and when she looked out a window she saw the appellant standing on her car pounding on the glass window of the beauty shop with his fists. She related there was a nearby street light and a light inside the beauty shop and that she had no

difficulty seeing the appellant. At the time her husband turned on the floodlight she had gone to call the police.

Austin Police Officer Chris Lopez testified he responded to a reported burglary call at the Frances' Beauty Shop at 2:20 a. m. on June 4, 1970, and arrived within 40 seconds after the call as he was nearby at the time. Upon his approach he observed the appellant and another man coming around the corner of the drug store located in the same building as the beauty shop and asked them "to hold up a minute." As he got out of the police vehicle the other man fled, and he fired a shot which hit the other man. Both individuals were placed under arrest at which time it was observed appellant wore shoes but no socks.

It appears that shortly thereafter John Walker was taken to the hospital where he observed the appellant sitting in a police car and identified him.

The appellant testified that after going to bed he got up at 1:30 a. m. and with a Joe Rivera went to tell their employer to pick them up at 6 a. m. that morning instead of 7 a. m. He denied the attempted burglary or being in the car in question.

Appellant first contends the in-court identification by John Walker should not have been permitted since the "one man show-up" conducted by the police at the hospital shortly after the alleged offense tainted such identification.

There are a number of reasons why this contention is without merit.

First, the evidence shows an excellent opportunity for the witness to have observed the appellant in the narrow driveway under good lighting conditions at the time of the alleged offense after the floodlight was turned on, and it appears the in-court identification was based upon these observations.

1. The judgment reflects a guilty plea, although the formal order of arraignment entered on the same date reflects a plea

of nolo contendere. Appellant's brief describes the plea as that of nolo contendere.

Moreover, this court has in the past refused to extend the holdings of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, to an on or near the scene confrontation between a suspect and a witness occurring shortly after the commission of a crime or under other circumstances which necessitate a prompt identification. Watkins v. State, Tex.Cr.App., 452 S.W.2d 444; Elliott v. State, Tex.Cr.App., 444 S.W.2d 914; Perryman v. State, Tex.Cr.App., 470 S.W.2d 703 (concurring opinion). Cf., however, the majority opinion in Perryman v. State, supra. While the record is silent as to counsel at the hospital confrontation, there appears to be no evidence of suggestiveness.[2]

■ We also observe that there was no objection to the in-court identification. This court has repeatedly stated that it is fundamental that a timely objection to inadmissible evidence must be urged at the first opportunity. This was not done nor has any reason been shown for the delay. Martinez v. State, Tex.Cr.App., 437 S.W.2d 842, 847 (1969); Jones v. State, Tex.Cr.App., 458 S.W.2d 62 and cases there cited.

Further, we observe that at no time did the State attempt to bolster the in-court identification by use of any such pretrial identification. It was in fact the appellant who elicited such evidence.

Still further, it is noted that Stella Walker, who did not view any lineup, show-up, etc., made a positive in-court identification without objection, based on her observations at the scene of the crime. Clearly any possible error would be harmless. See Smith v. State, Tex.Cr.App., 450 S.W.2d 618, 621 (1970).

■ Next appellant contends his arrest was illegal. In the early morning hours Officer Lopez responded to a reported burglary call arriving within seconds at the scene and observed two men coming out from behind the building involved. There was no one else on the street or in the vicinity at the time, and appellant's companion fled when the officer asked them to "wait up a minute." There was adequate probable cause for the arrest. See Articles 14.03 and 14.04, Vernon's Ann.C.C.P.; Chambler v. State, Tex.Cr.App., 416 S.W.2d 826; Roach v. State, Tex.Cr.App., 398 S.W.2d 560; Henderson v. State, Tex.Cr.App., 422 S.W.2d 175.

Further, there was no objection to testimony concerning the arrest.

No confession or items shown to have been seized as a result of any search were offered into evidence. No error is reflected.

■ Lastly, appellant complains of ineffective assistance of his appointed counsel at the revocation hearing. He contends counsel did not subpoena witnesses but fails to name such witnesses or even claim he brought the same to the attention of his counsel. Appellant also attempts to fault his trial counsel for failure to object to evidence of arrest or identification. We have examined the record and find no merit in the contention advanced.

Finding no abuse of discretion, the judgment is affirmed.

ROBERTS, J., not participating.

---

2. On cross-examination of John Walker the record reflects:
"Q. And they [the police] pointed out to you that he was the man arrested down there on 1st Street, didn't they?
"A. No, they asked if I could identify him, and I told them what he had on, he was dressed that way.

"Q. You told them what he had on before you saw him?
"A. Yes.
"Q. How did you know what he had on?
"A. I turned on the floodlight when I seen him go by my window."