Mack C. MASON, Appellant,

v.

The STATE of Texas, Appellee.

No. 44131.

Court of Criminal Appeals of Texas.

Nov. 2, 1971.

Rehearing Denied Nov. 30, 1971.

Melvyn Carson Bruder, Dallas (appointed on appeal only), Tim K. Banner, Dallas (appointed counsel), for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for robbery by assault with punishment assessed at twenty-five years.

The sufficiency of the evidence is challenged by the appellant's first ground of error, stated as follows:

"There is no evidence to sustain appellant's conviction for the offense of rob-

bery in that the State adduced no evidence that the complaining witness was assaulted by appellant, no evidence that any violence was done to the complaining witness by appellant, and no evidence that the complaining witness was placed in fear of life and bodily injury prior to the taking of the money from the complaining witness, and appellant's conviction, unsupported by any evidence to sustain a statutory element of the offense, thus constitutes a violation of due process under Amendment Fourteen, United States Constitution."

◼ This contention is without merit. The appellant and an accomplice entered an apartment where several persons had been playing poker, the complaining witness was standing, talking on the telephone. Complainant was informed "This is a stickup." Appellant's companion had taken from his back pocket a silver-plated .38 revolver and the appellant was holding "a blue steel .38" in his hand. $225.00 in money was then taken from the pocket of the complainant and he was told to lie on the floor. This is sufficient to constitute an assault, even though the complaining witness testified that he was "not exactly scared" and that he would have given up the money even though the appellant had not had a gun. See Colston v. State, Tex. Cr.App., 470 S.W.2d 890, and Cassidy v. State, 168 Tex.Cr.R. 254, 324 S.W.2d 857.

◼ Appellant's second ground is that the "appellant's conviction was obtained in violation of the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States in that the identification testimony utilized at his trial was tainted by an illegal one-to-one confrontation." The confrontation of which appellant complains concerns only one of the witnesses who identified the appellant at trial. The complainant and William Lee Sharpe, another victim of the robbery, identified the appellant at the trial, but neither was present at the confrontation complained of. Any possible error would be harmless.

Garcia v. State, Tex.Cr.App., 472 S.W.2d 784 and Smith v. State, 450 S.W.2d 618 (Tex.Cr.App.1970). Furthermore, one of the witnesses who was present at the time the offense was committed and at the time of the confrontation did not identify the appellant either during the confrontation or at the trial. The evidence of which complaint is made was first fully developed on cross-examination by appellant's attorney and it appears to have been a reasonable part of the defense trial strategy. No objection was made at the time of the trial. Reversible error is not shown.

◼ The appellant's next complaint is that "appellant's conviction is void because the purported waiver of the 'firearms' portion of the indictment is ineffective." The State's written motion requesting the trial court to delete and strike from the indictment the words "by then and there using and exhibiting a firearm, to-wit: a gun" was made prior to trial. The judgment reflects that "upon written motion of the district attorney, the following wording of the indictment: 'and then and there by using and exhibiting a firearm, to-wit: "a gun", is hereby dismissed.'" The cases of Woods v. State, Tex.Cr.App., 211 S.W.2d 210 and Ex Parte Traxler, 147 Tex.Cr.R. 661, 184 S.W.2d 286, relied upon by appellant, do not support his contention. See Bradley v. State, Tex.Cr.App., 456 S.W.2d 923; Johnson v. State, Tex.Cr.App., 436 S.W.2d 906; Yeagin v. State, Tex.Cr.App., 400 S.W.2d 914 and 5 Branch's Ann.P.C.2d 16, Sec. 2570 and the cases there cited.

◼ Appellant's grounds of error four and five, which complain of the admission of hearsay evidence, are without merit as no objection was made at the time of trial and part of the complaint relates to evidence elicited by appellant's counsel. No error is shown.

◼ The appellant urges that we review, under the provisions of Art. 40.09, Sec. 13, Vernon's Ann.C.C.P., his complaint of improper jury argument by the

prosecutor, even though no objection was made at the time of trial and this was not a ground of error in appellant's brief filed in the trial court. We refuse, as the question is not properly before us.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.