Ex parte Billy Lee **JOHNSON**.

No. 44733.

Court of Criminal Appeals of Texas.

Nov. 2, 1971.

Roy E. Greenwood, Huntsville, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is an application for post conviction relief under Article 11.07, Vernon's Ann. C.C.P.

Appellant's conviction for assault with intent to rape was appealed to this Court and affirmed in Johnson v. State, 432 S. W.2d 98 (1968). His first two grounds of error in that appeal related to former jeopardy. Subsequent to our affirmance, the Supreme Court of the United States handed down its opinion in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), and the concurring opinion of Presiding Judge Onion of this Court in Hutchings v. State, 466 S.W.2d 584 (1971), was written. Reliance is had upon both *Ashe* and *Hutchings* by appellant in this application.

Petitioner urges the doctrine of collateral estoppel. He contends that his acquittal on May 22, 1967, on a charge of burglary of a private residence at night with intent to commit rape precludes his being tried thereafter, on October 4, 1967, for assault with intent to commit rape where both of the charges arose out of the same transaction. Long prior to Ashe v. Swenson, supra, the Supreme Court of the United States, in Sealfon v. United States, 332 U. S. 575, 68 S.Ct. 237, 92 L.Ed. 180 (1948), pointed out that the question in a subsequent prosecution is whether the jury's verdict in the prior trial was a determination favorable to the petitioner of the facts essential to conviction in the latter case. This depends upon the facts adduced in each trial and the instructions under which the jury arrived at its verdict in the first trial.

The United States Court of Appeals for the Second Circuit, in discussing *Sealfon,* said the application of the principle of collateral estoppel has two phases. First, it is necessary to define what the first judgment determined. As *Sealfon* explains, this is a process in which the

Court must look not simply to the pleadings, but to the record of the prior trial as well.[1] Secondly, it is necessary to resolve how that determination bears on the second case. United States v. Kramer, 289 F.2d 909 (2d Cir. 1961).

In United States v. Lopez, 420 F.2d 313 (2d Cir. 1969), again discussing the *Sealfon* holding, the Court said:

"* * * invocation of a prior judgment as collateral estoppel in a criminal trial requires the court to determine exactly what the earlier judgment decided."

As applied to the case at bar we must determine exactly what the prior jury in the burglary of a private residence at night with intent to commit rape decided. The case before us is not as simple as *Ashe,* because in that case the question of identity of petitioner as being one of the robbers was the sole issue decided in the prior trial which resulted in acquittal.[2]

It is important to note that the elements of the crime of burglary of a private residence at night with intent to commit rape are not the same as those of assault with intent to commit rape. In reaching the verdict of acquittal the first jury could have found, among other things, that (1) the appellant entered the house without breaking; (2) that he entered by breaking with intent to commit theft but that the intent to commit rape was later formed; (3) that there was insufficient evidence that the site of the alleged crime was a private residence. If any of these formed a basis for the jury's finding, there would be no bar to a subsequent prosecution for assault with intent to rape.

With alternative ultimate facts outstanding, we cannot hold that the doctrine of collateral estoppel applies. The relief prayed for is denied.

---

1. In Ashe v. Swenson, *supra,* the Court said: "Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to 'examine the record of the prior proceedings taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.'" 397 U.S. at 444, 90 S.Ct. at 1194.

We do not have the prior record before us but we do have stipulations.

2. Unlike in *Ashe,* the question of identity in this case is relatively negligible. The arresting officer arrived upon the scene, heard the prosecutrix scream, saw the appellant whom he clearly identified run from the back door. This officer then shot the defendant when he refused to stop and the arrest was made a short distance from the back door of the house. This would militate in favor of a finding that identity was not the question.