Donald **SUTTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45339.

Court of Criminal Appeals of Texas.

Nov. 22, 1972.

Rehearing Denied June 27, 1973.

James P. Finstrom, Paul Chitwood, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for robbery. After the jury returned a verdict of guilty, punishment was assessed by the court at life.

The sufficiency of the evidence is not challenged.

At the outset, appellant contends[1] the court erred when it refused to charge the jury in accordance with his written request that "if the jury finds that the single rationally conceivable issue in dispute in appellant's prior jury trial went to the identity of Officer Abshire's assailant then they would acquit appellant."

Following the robbery of a Safeway store at 2849 East Ledbetter, Dallas, on March 28, 1970 (the prosecution in the instant case growing out of same), the robbers fired at Officer Abshire of the Dallas Police Department when the officer attempted to stop the getaway car on Bonnie View Road. In a trial for assault with intent to murder, Abshire identified appellant as the person who fired a pistol at him from the fleeing vehicle. Appellant was acquitted for the offense of assault with intent to murder upon Officer Abshire.

Appellant urges that the only rationally conceivable issue before the jury in the former trial (assault upon peace officer with intent to murder) was that of identity, thus the doctrine of collateral estoppel applies, and that the State cannot try him for the offense of robbery. Appellant urges that the issue of collateral estoppel was raised by his special plea and the testimony and that the court was in error in refusing to grant his requested charge.

In urging that the doctrine of collateral estoppel applies in the instant case, appellant relies on Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469. In Ashe v. Swenson, supra, the accused was first tried with having robbed one of the participants at a poker game by the name of Knight. The court instructed the jury that if it found that accused participated in the robbery, the theft of any money from Knight would sustain a conviction, and that if accused was one of the robbers, he was guilty even though he had not personally robbed Knight. The jury found accused "not guilty due to insufficient evidence." Thereafter, accused, following denial of his motion for dismissal based on

1. When appellant's counsel argued before this Court, they requested that appellant's original brief be disregarded. In accordance with such request, we are only considering contentions raised in appellant's supplemental brief.

the previous acquittal, was tried for having robbed another participant at the same poker game by the name of Roberts and was convicted. The United States Supreme Court said that the Fifth Amendment guarantees against double jeopardy, applicable to state courts through the Fourteenth Amendment by virtue of Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707, embodies collateral estoppel as a constitutional requirement. The court held since the jury, in the first trial where identification testimony was weak, had determined by its verdict that accused was not one of the robbers, the State, under the doctrine of collateral estoppel, was constitutionally foreclosed from relitigating that issue in another trial.

In Ashe v. Swenson, supra, the United States Supreme Court noted that "collateral estoppel" is an awkward phrase and said, "It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."

The Court, in Ashe v. Swenson, supra, noted that in the first trial, there could be no question but what an armed robbery had occurred or that Knight had been a victim leaving the only issue in dispute whether accused was one of the robbers. The jury in the first trial having found by its verdict that accused was not one of the robbers, the United States Supreme Court held that the State could not bring accused to trial again to litigate that same issue.

In Harris v. Washington, 404 U.S. 55, 92 S.Ct. 183, 30 L.Ed.2d 212, the United States Supreme Court found that the holding in Ashe v. Swenson was applicable where the ultimate issue was identity of the person who had mailed a package containing a bomb which exploded and killed two persons and injured another. In the first state court trial before a jury, defendant was acquitted of murder of one of the victims. The Supreme Court held that prosecutions for murder and assault with respect to other victims of the explosion were barred even though the issue of identity was not fully litigated at the prior trial.

In the recent case of Turner v. Arkansas, 407 U.S. 366, 92 S.Ct. 2096, 32 L.Ed.2d 798, the United States Supreme Court again found the holding in Ashe v. Swenson, supra, applicable. In an Arkansas murder prosecution, the trial court had instructed the jury on criminal responsibility of an accessory to the effect that it must find defendant guilty of first degree murder if it found that he had killed decedent either with premeditation or unintentionally during the course of a robbery. The Supreme Court said that the only logical conclusion from the general verdict of acquittal was that the jury had found that defendant was not present at the scene of the robbery and murder, even if the murder had actually been committed by his brother.

The Court held that the subsequent prosecution for robbery was foreclosed as the State was collaterally estopped from relitigating the issue whether defendant had been present at the scene.

Appellant, in the instant case, introduced the transcription of the court reporter's notes from the first trial in order that a determination could be made of what ultimate issue of fact was determined in the first trial.[2]

We find that the instant case does not fall within the framework of Ashe v.

---

**2.** In Ashe v. Swenson, supra, the Court said: "Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to 'examine the record of the prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.'" 397 U.S. at 444, 90 S.Ct. at 1194.

Swenson, supra; Harris v. Washington, supra, and Turner v. Arkansas, supra. We deem it unnecessary to detail the elements which constitute the two separate offenses of robbery and assault upon a peace officer with intent to commit murder. Patently, the elements of the two offenses are poles apart and the jury could have based its acquittal on considerations other than identity since Abshire positively identified appellant as his assailant. See Ex parte Billy Ray Johnson, Tex.Cr.App., 472 S.W.2d 156. The offenses are separate and distinct and are not based on the same acts of appellant. See Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435; McMillan v. State, Tex.Cr.App., 468 S.W.2d 444. The victims of the two offenses in the instant case were not the same. An examination of the transcription of the court reporter's notes at the first trial of appellant reflects that the victims of the robbery were not even witnesses at the assault case. The two offenses did not occur at the same time or at the same location.

In Ashe v. Swenson, supra, the United States Supreme Court, citing Sealfon v. United States, 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180, said in examining the record of the prior proceeding in determining whether a jury grounded its verdict upon an issue other than the one on which the defendant seeks to foreclose from consideration, the inquiry "must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings." The United States Supreme Court went on to say, "The federal decisions have made clear that the rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a nineteenth century pleading book, but with realism and rationality."

■ We have attempted to make our inquiry in the light of what was said in Ashe v. Swenson, supra, and conclude that the identity of appellant as one of the robbers of the Safeway store was not the single rational conceivable issue at the prior trial. We hold, as a matter of law, that the rule of collateral estoppel is not applicable to the instant case. There being no issue of fact to be determined by a jury, the court properly rejected appellant's requested charge. In view of our holding under this ground of error, it follows that appellant's contentions that the court was in error in refusing to allow him to read his special plea of former acquittal to the jury and voir dire the jury on the law surrounding the issue of prior acquittal are without merit.

Appellant contends that the court erred when it failed to charge the jury on the law of the primary offense charged against appellant by the indictment.

■ The appellant points to the language of the indictment which recites "and then and thereby using and exhibiting a firearm, to-wit: a gun," and urges that the order of the trial court did not delete the firearms portion of the robbery indictment. While the State's motion to delete the firearms portion of the indictment tracked the language of the indictment, the order of the court, in its judgment, reads: "Upon written motion of the District Attorney, the following wording of the indictment 'and then and thereby using and exhibiting a firearm to-wit: a pistol' is hereby dismissed." Appellant argues that the word "gun" appears in the indictment and in the State's motion, while the court's order refers to "pistol." Appellant cites no authority in support of this contention. The words "and then and thereby using and exhibiting a firearm, to-wit: a gun" were stricken from the indictment and no objection was offered by appellant. See Thomas v. State, Tex.Cr.App., 451 S.W.2d 907. In Mason v. State, Tex.Cr.App., 472 S.W.2d 787, complaint was made that the part of the judgment reciting dismissal of the firearms portion of the indictment did not follow the exact language of the motion. This Court held in Mason that the State's waiver of the firearms portion of the judgment was not rendered ineffective because of variance in the language of the motion and the court's order. In the instant case,

the State properly filed its motion to waive the firearms portion of the indictment; the firearms portion was stricken from the indictment without objection, and the court noted in its judgment that the State had waived same. Under these facts, we find no reversible error resulting from the court using the word "pistol" rather than "gun" in its recital in the judgment wherein it was noted that the State had waived the firearms portion of the indictment.

We reject appellant's next contention that the judgment is incorrect and not subject to reformation. Appellant argues that the court did not delete the firearms portion of the indictment; the court did not charge on robbery by firearms and, therefore, the judgment is incorrect in reflecting a jury verdict of guilty of the offense of robbery as charged in the indictment. Appellant urges that if appellant were guilty of robbery as charged in the indictment, he would be guilty of robbery by firearms. In view of our finding that the State effectively waived the firearms portion of the indictment, appellant's contention is without merit.

Appellant contends that the court erred when it allowed in-court identification of appellant by witnesses for the prosecution.

Following the robbery, there was a high speed chase and exchange of gunfire between officers and the persons suspected of robbing the store. After the get-away car was abandoned, two suspects were apprehended, but a third person escaped. A billfold was found in the abandoned car containing a driver's license not belonging to either of the persons apprehended. The driver's license was immediately taken to the victims in order that they might determine if the person pictured on the license was one of the men involved.

The court held a hearing out of the presence of the jury prior to the testimony of witnesses Baker and Hull.

Wilma Baker, an employee of the Safeway store robbed at the time in question, testified that she was shown a driver's license (later determined to belong to appel-

lant) by police the same morning of the robbery, and she identified the person whose picture appeared on the driver's license as being one of the robbers. At a later date, Mrs. Baker identified appellant's picture out of a series of pictures shown her. Mrs. Baker further testified that appellant stood over her with a gun for about twenty minutes during the robbery; that she got a good look at appellant during the robbery, and that her identification of appellant at the trial was not influenced by having seen pictures of appellant prior to trial.

Rosa Hull, another employee, testified relative to having identified appellant as one of the robbers after having been shown his driver's license shortly after the robbery had occurred. Mrs. Hull stated that her identification of appellant in the court room was based on having seen him at the robbery and not from having seen his picture on a driver's license.

After Mrs. Baker and Mrs. Hull had testified out of the presence of the jury, the court found their identification was based upon having seen appellant at the time of the offense, and was not influenced by having seen photographs of appellant following the robbery.

Each case must be considered on its own facts to determine the likelihood that a particular pre-trial confrontation resulted in irreparable misidentification. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247.

This Court, in Cole v. State, Tex. Cr.App., 474 S.W.2d 696, noted that while identification procedure whereby suspects are viewed singly by a witness are condemned, due process is not, however, invariably violated by such procedure. The fact that the driver's license was shown the witnesses a short time following the robbery militated against misidentification. See Garcia v. State, Tex.Cr.App., 472 S. W.2d 784. The urgency of determining whether the person pictured on the driver's license was the suspect who had escaped is apparent. Witnesses Baker and Hull testi-

fied that they had an opportunity to get a good look at appellant during the robbery, Mrs. Baker testifying that appellant held a gun on her for twenty minutes. When Mrs. Baker later identified appellant's picture at the police station, identification was made from a number of pictures.

Viewing the totality of the circumstances surrounding the pretrial identifications, we find nothing conducive to misidentification as to amount to a denial of due process. The evidence was sufficient to support the court's finding that identification by witnesses Baker and Hull was not influenced by having seen pictures of appellant following the robbery.

Appellant's next two grounds of error concern the admission of testimony which appellant contends was hearsay. The testimony about which appellant complains occurred during direct examination of Officer Moore by the State.

"Q. Officer Moore, just before the jury went out I believe you had told us that after having a conversation with this fellow Smith there at the scene of the shooting where the Chevy was where you were looking at it and all, you then took the driver's license, State's Exhibit No. 4, and went out to the store and talked to some people out there?

"A. Yes

"Q. Now, following that, based on those conversations, did you make it a point to go anywhere?

"A. Yes

"Q. Where was it you went?

"A. Went to the Holiday Inn Motel on 183 in Irving, Texas."

Appellant argues that Smith's (who was also charged with the instant offense and who did not testify at the trial) statements testified to by Moore divulged the whereabouts of appellant and linked appellant to the crime.

The conversation that the officer had with Smith is not related by the officer. In Cameron v. State, 171 Tex.Cr.R. 224, 346 S.W.2d 845, this Court held admissible testimony of officer that following conversation with defendant's co-indictee, officer went to house and found stolen goods, where officer did not recount conversation and did not implicate defendant. See Locke v. State, 169 Tex.Cr.R. 361, 334 S.W.2d 292. It is further noted that the question alludes to a conversation with people at the store about a driver's license. Employees Baker and Hull had previously testified that they had identified the picture on the driver's license shown to them by the officers as being one of the robbers. Appellant cites no authority in support of these contentions, and we find none. We perceive no error.

Appellant next contends that the court was in error in admitting the fruits of an illegal search. A paper bag containing money and a pistol found on the bed in the motel room where appellant was arrested were introduced into evidence.

The State contends that the appellant's counsel saw a copy of the affidavit upon which the arrest warrant was based and did not introduce it into evidence and, therefore, nothing is presented for review under Ortega v. State, Tex.Cr.App., 464 S.W.2d 876. Appellant argues that Ortega v. State, supra, is not applicable in that the defendant in Ortega recognized the existence of a warrant, and that upon appellant's objection in the instant case, the State failed to discharge its burden of showing that a valid warrant existed.

We find it unnecessary to determine whether Ortega v. State, supra, is applicable to the instant case in view of our holding that the arrest of appellant without a warrant was authorized under Article 14.-04, Vernon's Ann.C.C.P.[3] The robbers

3. Article 14.04, V.A.C.C.P., provides: "Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there

fled the store in an exchange of gunfire with officers. When the escape vehicle was abandoned, one of the suspects was able to elude apprehension by the officers. After Smith was arrested, he told officers (according to Officer Moore's testimony out of the presence of the jury) that "they were staying at a Holiday Motel" that he thought was on "Stemmons."[4] After the arrest of Smith and a second suspect, the officers proceeded to the Safeway store that had been robbed where employees identified the person pictured on a driver's license found in the abandoned car (not belonging to either of the persons arrested) as one of the robbers. Satisfactory proof of commission of a felony had been shown. The offender who had not been arrested had very vividly demonstrated his propensity for eluding arrest and the officer had every reason to believe that he was about to escape. The robbery occurred sometime after 9:15 A.M. and arrest of appellant took place at approximately 1:00 o'clock, a time lapse of less than three hours. Under these circumstances, there was probable cause to arrest without warrant. Rose v. State, 470 S.W.2d 198; Thornton v. State, Tex.Cr.App., 451 S.W. 2d 898. See Acosta v. Beto, 297 F.Supp. 89, aff'd, Gonzales v. Beto, 425 F.2d 963, cert. denied, 400 U.S. 1001, 91 S.Ct. 476, 27 L.Ed.2d 452; Giordenello v. United States, 357 U.S. 480, 488, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958); United States v. Rabinowitz, 339 U.S. 56, 60, 70 S.Ct. 430, 94 L.Ed. 653 (1950).

The sack containing the money and the pistol was in open view on the bed in the room where appellant was arrested and seizure of same does not come within the prohibition of Chimel v. California, 395 U. S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685. The evidence having been seized incident to a lawful arrest, the court was not in error in admitting same.

■ Appellant contends that the court erred when it allowed the prosecution to cross-examine a character witness offered in behalf of appellant on matters extraneous to appellant's reputation for being peaceful and law abiding.

Appellant's complaint is directed to the following question asked Witness Bartley by the State on cross-examination:

"Did you know that the woman he (appellant) was seeing up here in Dallas while he was still married to a woman in Houston who is the mother of his three children, that woman had children of her own and had gotten pregnant for the first time when she was 12 years old?"

At the guilt-innocence stage of the trial, a Miss Laverne Davenport testified that appellant spent the night with her on Friday, March 27, 1970, and did not leave her house until a time that "could have been" as late as 9:00 or 10:00 o'clock the next morning (the morning of the robbery). On cross-examination by the State, Miss Davenport testified, without objection, that she had two children and that her older child was conceived when she was about twelve.

In view of the testimony of Miss Davenport, the complained of question asked Mrs. Bartley, does not require reversal of this cause.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.

ONION, Presiding Judge (concurring).

I concur only in the disposition of appellant's initial contention concerning application of the collateral estoppel doctrine.

In Ashe v. Swenson, 397 U.S. 436, 90 S. Ct. 1189, 25 L.Ed.2d 469 (1970), the Court said:

". . . Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this ap-

---

is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused."

4. There is testimony in the record that Stemmons Expressway and Highway.183 are often confused.

proach requires a court to 'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.' . . . "

In the instant case we have only the transcription of the court reporter's notes from the first trial. The pleadings, the court's charge, and other relevant matter are not before us. Under these circumstances, we are not in a position to determine the applicability of Ashe v. Swenson, supra. See Hutchings v. State, 466 S.W.2d 584 (Tex.Cr.App.1971, concurring opinion).

For this reason, I concur in the result reached.

MORRISON, J., joins in this concurrence.