Gary Lawrence WALDROP, Appellant,

v.

STATE of Texas, Appellee.

No. B14–82–497CR.

Court of Appeals of Texas, Houston (14th Dist.).

June 2, 1983.

Allen Isbell, Houston, David Ziegler, Bellaire, for appellant.

John B. Holmes, Jr., Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

PAUL PRESSLER, Justice.

Appellant appeals his conviction for sexual abuse of a child in violation of TEX.PENAL CODE ANN. § 21.10 (Vernon 1974). Trial was to a jury. Punishment was assessed at fourteen years in the Texas Department of Corrections. We affirm the judgment of the trial court.

In the summer of 1980, the complainant and his family moved into the Palasaides apartment complex on 34th St., in Houston,

Texas. At that time the complainant was ten years old. Tom Thomusela, also lived in the complex. The complainant testified that several times that summer he and Thomusela engaged in deviate sexual intercourse in Thomusela's apartment. He further stated that Thomusela took him to appellant's apartment on one occasion where he and appellant engaged in deviate sexual intercourse. The complainant stated that he told no one about the incidents because Thomusela said he "would get him" if he did.

In February 1982, officer Gregory Terrell, of the Vice Division's Pornographic Squad, searched Thomusela's apartment and found pictures of nude minor boys, one of whom was the complainant. Terrell located the complainant through the apartment manager who recognized his picture. The complainant described, and later positively identified, the appellant as being one of the men with whom he had engaged in deviate sexual intercourse. Appellant was later arrested outside of his apartment.

At the trial, the twenty-six year old appellant denied having any sexual relations with the complainant. He stated, however, that he was in Thomusela's apartment when Thomusela gave marijuana and beer to the complainant, and other young boys. He further stated that he had sold and given marijuana and beer to Thomusela who then gave it to the children. Some of them were as young as six years.

Appellant brings nine grounds of error. In the first, he contends the evidence was insufficient to support the conviction because the complainant's testimony was uncorroborated. He contends such corroboration is necessary by virtue of TEX.CODE CRIM.PROC.ANN. art. 38.07 (Vernon 1979). We disagree.

This case involves the sexual abuse of a child. In such cases consent is not an issue. *Hindman v. State,* 152 Tex. Cr.R. 75, 211 S.W.2d 182 (1948); *Hohn v. State,* 538 S.W.2d 619 (Tex.Cr.App.1976). Texas courts have consistently held that when consent is not in issue or the victim is legally incapable of consenting, no corrobo-

ration is required even though there is no outcry or prompt reporting of the defendant's alleged acts. *Hohn v. State, supra. Carter v. State,* 506 S.W.2d 876 (Tex.Cr. App.1974); *Williams v. State,* 481 S.W.2d 119 (Tex.Cr.App.1972); *Uhl v. State,* 479 S.W.2d 55 (Tex.Cr.App.1972); *Bass v. State,* 468 S.W.2d 465 (Tex.Cr.App.1971); *Hindman v. State, supra.* The distinction made between children and those who have reached the age of majority is based on the fact that children need greater protection than do those individuals who are old enough to realize the nature and consequences of their acts and the actions of others. We do not believe the legislature intended to abandon this reasoning by enacting TEX.CODE CRIM.PROC.ANN. art. 38.07 (Vernon 1979). Article 38.07 provides that:

> A conviction under chapter 21, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within six months after the date on which the offense is alleged to have occurred. The court shall instruct the jury that the time which lapsed between the alleged defense and the time it was reported shall be considered by the jury only for the purpose of assessing the weight to be given the testimony of the victim.

This article does not change the rule as to minors where consent is not an issue. It merely puts those who have reached their majority on equal footing with minors in that their uncorroborated testimony is sufficient for a conviction if they report the incident within six months. *See, Hargrove v. State,* 579 S.W.2d 238, 239 (Tex.Cr.App. 1979).

Prior to the enactment of art. 38.07, an adult complainant's testimony in a sexual offense case had to be corroborated by some other evidence. See 1965 TEX.GEN. LAWS CH. 722; CODE CRIM.PROC. art. 38.07 at 466; *Wilmeth v. State,* 629 S.W.2d 218 (Tex.App.—Dallas 1982, no writ).

Clearly, the legislature's intent was not to lessen the protection given to minors but to increase the protection given to those who had reached their majority and thereby make it easier to prosecute those who are guilty of sex offenses. In *Hernandez v. State,* 651 S.W.2d 746 (Tex.Cr.App., 1983) Associate Justice Sam Houston Clinton wrote in a concurring opinion that:

> The court has previously held that an alleged rape victim above the age of consent could be an "accomplice" witness, but it has *not* held, at least in recent times, that an alleged victim under the age of legal consent could be an "accomplice," either as a matter of law or fact. Therefore, since the latter victims are not "accomplices," they need not be corroborated under Article 38.14. We are entitled to attribute to the Legislature knowledge of such holdings in determining legislative intent to override them.

The complainant was 10 years old at the time of the offense. He was legally incapable of consenting to the offense and, therefore, incapable of being an accomplice to it. His uncorroborated testimony is, therefore, sufficient to support the conviction regardless of whether the outcry occurred within six months. Appellant's first point of error is overruled.

In grounds of error two through eight, appellant contends he was denied effective assistance of counsel when his counsel elicited testimony that appellant and Thomusela had smoked marijuana in the presence of, and that Thomusela had provided marihuana to, the complainant and other young boys. We disagree. In his closing argument counsel made clear his strategy of bolstering appellant's believeability by eliciting testimony which a person attempting to suppress the truth would not have admitted. Once appellant testified to such facts on direct examination, such areas were properly within the scope of cross examination. The effectiveness of counsel is to be judged by the totality of the representation. *Cude v. State,* 588 S.W.2d 895 (Tex.Cr.App.1979). We will not second guess the strategy of counsel. The fact that another attorney might have pursued a different course will not support a finding of ineffectiveness. *Blott v. State,* 588 S.W.2d 588 (Tex.Cr.App.1979). The prejudicial impact of such testimony was not sufficient to constitute ineffective assistance of counsel. The defendant may not complain of evidence elicited by his own attorney. *Mason v. State,* 472 S.W.2d 787 (Tex.Cr.App.1971). "We decline to hold that actions which waive evidentiary grounds may automatically be transformed into ineffective assistance of counsel." *Ex Parte Ewing,* 570 S.W.2d 941 (Tex.Cr.App. 1978). Appellant's grounds of error two through eight are overruled.

In his ninth ground of error, appellant contends the trial court erred in overruling appellant's requested instruction "that the state's case depended upon the uncorroborated testimony of the complainant who did not tell anyone about the event within six months of its occurrence." We find no merit to this contention. The issue submitted by the court stated:

> You are instructed that the time which lapsed between the alleged offense and the time it was reported shall be considered by the jury only for the purpose of assessing the weight to be given the testimony of the victim.

This is all that is required by TEX.CODE CRIM.PROC.ANN. art 38.07 (Vernon 1975). Appellant's ninth ground of error is overruled.

We affirm the judgment of the trial court.