Earnest Ray LAWSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–85–01251–CR.

Court of Appeals of Texas,
Dallas.

Sept. 5, 1986.

Richard K. Franklin, Dallas, for appellant.

Gilbert P. Howard, Asst. Dist. Atty., Dallas, for appellee.

Before DEVANY, McCRAW and HOLLINGSWORTH, JJ.

HOLLINGSWORTH, Justice.

Earnest Ray Lawson appeals his conviction for sexual assault.[1] Punishment was assessed at 20 years' confinement. In a single ground of error, appellant attacks the sufficiency of the evidence to sustain the conviction. We hold that the evidence is sufficient to support appellant's conviction. Accordingly, we affirm.

The complainant, a male, was fifteen years old at the time of the assault. He testified and described the assault made upon him by appellant. Appellant also testified, but denied committing the assault. Appellant concedes that the uncorroborated testimony of a victim of a sexual assault will support a conviction under certain circumstances. He maintains, however, that the evidence in this case is suspect because: 1) the complainant continued to associate with appellant after the alleged sexual assault; 2) no medical evidence was presented to support the complainant's testimony; and, 3) the complainant did not make any outcry until after his name had appeared on a list in a newspaper article.

Sufficiency of the evidence is measured by the standard enunciated by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979): "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Dickey v. State*, 693 S.W.2d 386, 387 (Tex.Crim.App.1984). Here, the complainant's testimony, standing alone, is sufficient to establish all of the essential ele-

---

1. Lawson also appealed four convictions for aggravated sexual assault, our Cause Nos. 05–85–01249–CR, 05–85–01250–CR, 05–85–01252–CR, and 05–85–01253–CR. These convictions were affirmed in an unpublished opinion delivered July 8, 1986.

ments of the offense charged. Although testimony was presented which might cast doubt upon that of the complainant, this testimony does not rise to such a level that would prevent a rational trier of fact from finding appellant guilty of the offense charged. The question then becomes whether the complainant's testimony was required by law to be corroborated.

The need to corroborate the testimony of a sexual assault victim stems from the possibility that the victim could, in fact, be an accomplice rather than a victim. *Hernandez v. State*, 651 S.W.2d 746, 751 (Tex. Crim.App.1983). Under Article 38.14 of the Texas Code of Criminal Procedure, the testimony of an accomplice will never support a conviction absent corroboration.

In *Hernandez*, the court looked at section 21.09(b) of the Texas Penal Code[2] and concluded that the legislature intended to make victims under age seventeen who have not previously engaged in promiscuous sexual or deviate sexual intercourse and all victims under fourteen years old[3] legally incapable of consenting to sexual intercourse. *Hernandez*, 651 S.W.2d at 753. The court concluded that children within this category could not be accomplices as a matter of law or fact. *Id.* If they are not accomplices, it follows that there is no need for corroboration. *Sosa v. State*, No. 13-85-249-CR (Tex.App.—Corpus Christi, June 5, 1986, no pet.) (not yet reported).

The complainant was fifteen years old at the time of the offense. His testimony is neither corroborated nor supported by a showing of outcry within six months of the sexual attack. Although the state asserts that the complainant "related the facts to

his parents and to the police well within the six month period provided in the statute", we have carefully examined the record and find no support for this assertion. The complainant testified that he informed his parents of the assault "[a]fter it came out in the newspapers this year". We have no way to discern, however, exactly how long it was after the assault that complainant made his outcry.

■ Appellant denied sexually assaulting the complainant. Further, no issue was raised as to the complainant's possible promiscuity. The complainant falls, therefore, within the group of individuals incapable of consenting to the offense and therefore incapable of being an accomplice to a sexual assault. Accordingly, there was no need to present evidence corroborating the complainant's testimony. *See, Sosa,* slip op. at 5.[4]

Because we hold that there was no need to corroborate the complainant's testimony and that it was sufficient to support appellant's conviction, appellant's ground of error is overruled.

The judgment of the trial court is affirmed.

DEVANY, J., dissents.

DEVANY, Justice, dissenting.

I respectfully dissent because article 38.-07 of the Code of Criminal Procedure clearly provides that the fifteen year old complainant in this case was required to inform another person of the alleged act within six months.

The majority opinion is based on dicta in *Hernandez v. State*, 651 S.W.2d 746 (Tex.

---

**2.** Repealed in 1983 and now codified and expanded in § 22.011(d)(1) of the Penal Code.

**3.** Article 38.07 of the Texas Code of Criminal Procedure expressly obviates the need to corroborate the testimony of a complaining witness who is under the age of fourteen. *See also Hohn v. State,* 538 S.W.2d 619, 620–21 (Tex. Crim.App.1976); *Hill v. State,* 672 S.W.2d 302, 303 (Tex.App.—Dallas 1984, no pet.); *Wilson v. State,* 665 S.W.2d 222, 223–24 (Tex.App.—Fort Worth 1984, no pet.); *Waldrop v. State,* 662

S.W.2d 612, 615 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd.)

**4.** We reject the dicta in *Heckathorne v. State,* 697 S.W.2d 8, 12–13 (Tex.App.—Houston [14th Dist.] 1985, no pet.) that article 38.07 allows the state to seek a conviction based upon the uncorroborated testimony of a victim 14 years of age or older only if the victim informed someone of the offense within six months after the offense occurred.

Crim.App.1983) involving an eleven year old victim.

I would reverse the judgment of conviction and acquit appellant.