COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| LUKE CASSIDY BOLTON, | § | No. 08-10-00092-CR |
| Appellant, | § | Appeal from the |
| v. | § | 97th District Court |
| THE STATE OF TEXAS, | § | of Montague County, Texas |
| Appellee. | § | (TC# 2008-0000174M-CR) |
| | § | |

**O P I N I O N**

Appellant, Luke Cassidy Bolton, was convicted of sexual assault, sentenced to twenty years'
imprisonment, and assessed a $10,000 fine. In two issues on appeal, he challenges the trial court's
denial of his motion for directed verdict. We affirm.

**BACKGROUND**

As a prisoner in the Montague County Jail, Appellant began a relationship with Darlene
Walker, who was employed as a detention officer. The relationship soon became sexual, and Walker
was later indicted for improper sexual activity with a person in custody. Nevertheless, the
relationship continued, and once Appellant was released from the jail, he and Walker moved into
a house in Bowie, Texas.

Subsequently, on August 18, 2008, Walker, in an attempt to get Appellant to stop physically
abusing her, asked that they go get pizza. As they drove from their residence towards the Pizza Hut
in Bowie, Walker told Appellant that she wanted him to leave, and in response, Appellant struck
Walker several times with a closed fist. Appellant further struck Walker when they turned onto a
dirt road close to Nocona, a town in Montague County. At that point, Appellant stopped the car and

digitally penetrated Walker's vagina and anus without her consent. When they stopped at a gas station in Pilot Point, Walker escaped and reported Appellant's assaultive conduct to Pilot Point Officer Reese Dunn. Although she did not report the sexual assault to Officer Dunn, she did tell an officer employed with Montague County.

## DISCUSSION

In Issue One, Appellant contends that the trial court erred by denying his motion for instructed verdict on grounds that the State's evidence was insufficient, alleging that there was not other, independent evidence showing that a sexual assault occurred apart from the victim's testimony. According to Appellant's argument, he claims that Walker was an accomplice, noting her pending charges for improper sexual activity with a person in custody, and alleges that since her testimony was not corroborated by independent evidence as required by the accomplice-witness rule, insufficient evidence was presented of the sexual assault. We reject his argument.

In reviewing the denial of a motion for directed verdict, we apply the same standard of review as used when reviewing the legal sufficiency of the evidence. *McDuff v. State*, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997). In reviewing the legal sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

A person commits the offense of sexual assault if he intentionally or knowingly "causes the penetration of the anus or sexual organ of another person by any means, without that person's consent." TEX. PENAL CODE ANN. § 22.011(a)(1)(A) (Vernon Supp. 2010). Here, Appellant was charged with digital penetration of Walker's vagina, and Walker expressly testified that he digitally

penetrated her vagina without her consent. This testimony alone was sufficient to support Appellant's conviction for sexual assault. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b)(3) (Vernon 2005) (providing that a conviction for sexual assault is supportable by the uncorroborated testimony of the victim of a sexual offense); *Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978) ("The prosecutrix testified that appellant's sexual organ penetrated her sexual organ. Her testimony, standing alone, is sufficient evidence of penetration.").

Nevertheless, Appellant seemingly asserts that because Walker was facing pending charges for sexual contact with an inmate, she was an accomplice for the current charge of sexual assault and article 38.07 was inapplicable. But a person is only an accomplice if she could be prosecuted for the same offense as the defendant, or a lesser-included offense. *Blake v. State*, 971 S.W.2d 451, 455 (Tex. Crim. App. 1998); *Ex parte Zepeda*, 819 S.W.2d 874, 876 (Tex. Crim. App. 1991). In other words, she must be a blameworthy participant for the same or lesser-included offense charged against the defendant. *Blake*, 971 S.W.2d at 454-55; *Singletary v. State*, 509 S.W.2d 572, 575 (Tex. Crim. App. 1974). Here, the charged offense was for sexual assault, which occurred after Appellant was released from prison. Walker testified that she did not consent to the sexual assault, and Appellant does not allege that Walker could also be prosecuted for the sexual assault against her. Therefore, Walker was not an accomplice to her own sexual assault at the hands of another.

Moreover, Walker's status as a defendant for having consensual sex with Appellant while he was in prison, does not extinguish her status as a victim to Appellant's unconsented-to sexual assault, which occurred once he was released from prison. Although the need to corroborate the testimony of a sexual-assault victim stems from the notion that the victim, if over the age of consent, could be an accomplice rather than a victim, *see Lawson v. State*, 722 S.W.2d 1, 2 (Tex. App. – Dallas 1986, no pet.), when, as here, the victim reports the sexual activity within one year after the

date on which the offense occurred, corroboration, by statute, is not required. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07. Accordingly, we hold that the trial court did not err by denying Appellant's motion for directed verdict on such grounds and overrule Issue One.

In Issue Two, Appellant contends that the trial court erred by denying his motion for directed verdict on grounds that the State failed to prove that the offense occurred in Montague County. As noted before, we review the evidence for legal sufficiency when determining whether a trial court erred by denying a motion for directed verdict. *McDuff*, 939 S.W.2d at 613. When, as here, the challenge is to the State's failure to prove venue, we therefore view the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found venue was proven. *Gabriel v. State*, 290 S.W.3d 426, 435 (Tex. App. – Houston [14th Dist.] 2009, no pet.) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). In so doing, we are mindful that the trier of fact may make reasonable inferences from the evidence to decide the issue of venue. *Bordman v. State*, 56 S.W.3d 63, 70 (Tex. App. – Houston [14th Dist.] 2001, pet. ref'd).

As a general rule, venue is proper in the county in which a sexual offense is alleged to have taken place. TEX. CODE CRIM. PROC. ANN. art. 13.15 (Vernon 2005). It may be proven by circumstantial as well as direct evidence. *Stanley v. State*, 471 S.W.2d 72, 77 (Tex. Crim. App. 1971); *Bollinger v. State*, 224 S.W.3d 768, 776 (Tex. App. – Eastland 2007, pet. ref'd). The State need only prove venue by a preponderance of the evidence. *Murphy v. State*, 112 S.W.3d 592, 604 (Tex. Crim. App. 2003) (citing TEX. CODE CRIM. PROC. ANN. art. 13.17 (Vernon 2005)). "[I]f there is evidence establishing venue by a preponderance, we are not authorized to reverse the judgment on sufficiency of the evidence grounds." *Gabriel*, 290 S.W.3d at 436.

Here, Walker testified that she and Appellant lived together in a house in Bowie, Texas. She further stated that Bowie is a town situated in Montague County. In describing when Appellant first

struck her, Walker relayed that they were near the Allsup's store, heading from their house and towards the Pizza Hut in Bowie. Next, they were on a dirt road close to the city of Nocoma when Appellant stopped the car and digitally penetrated her vagina and anus. Although there was no testimony elicited that Nocoma is a town situated in Montague County, such is an undisputed fact, and we may take judicial notice of the same. *See, e.g., Watts v. State*, 99 S.W.3d 604, 610 (Tex. Crim. App. 2003) (stating the court may take judicial notice that the City of Austin is located in Travis County); *Sixta v. State*, 875 S.W.2d 17, 18 (Tex. App. – Houston [1st Dist.] 1994, pet. ref'd) (holding the court may take judicial notice of the fact Houston is located in Harris County, Texas). Moreover, both Appellant and Walker contacted the Montague County Sheriff's Office about the incident. *See Gill v. State*, 646 S.W.2d 532, 533 (Tex. App. – Houston [1st Dist.] 1982, no pet.) (noting responding officer's employment with city factor to consider in determining sufficient evidence of venue). From this evidence, the jury could have rationally inferred that the offense occurred in Montague County. Accordingly, we find the evidence legally sufficient to establish venue by a preponderance such that the trial court did not err by denying Appellant's motion for directed verdict. Issue Two is overruled.

## CONCLUSION

Having overruled Appellant's issues, we affirm the trial court's judgment.


GUADALUPE RIVERA, Justice

January 26, 2011

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)