**Lorado COLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44327.**

Court of Criminal Appeals of Texas.

Nov. 30, 1971.

Rehearing Denied Jan. 26, 1972.

Cameron M. Cunningham, of Simons, Cunningham & Coleman, Austin, for appellant.

Robert O. Smith, Dist. Atty., Lawrence Wells and Herman Gotcher, Asst. Dist. Attys., Austin, and Jim D. Vollers, State's Attorney, Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for attempted arson where the punishment was assessed at 7 years.

The appellant waived trial by jury and entered a plea of not guilty before the court.

Joe T. Crawford testified he saw the appellant on the campus of the University of Texas at Austin between 8:30 p. m. and 9 p. m. on May 6, 1970, while some anti-war demonstrations were being held. He related his attention was attracted to the appellant because the appellant wore a "shredded" American flag on the back of his clothing. Crawford observed the appellant received from a man a can of gas-

oline apparently drained from a silver school bus, and then some five minutes later saw the appellant wrap newspaper around the can of gasoline. He then followed the appellant around the mall behind the academic center and saw him go under a building known as Z Hall.[1] Crawford ran to find a policeman. On his return he saw a fire lit under the building and at the same time saw the appellant run around Z Hall and back toward the academic center. Crawford aided others in extinguishing the fire.

On cross-examination he related he saw the appellant between 2 and 3 a. m. on May 7, 1970, some five or six hours later at the University police station where he had been summoned.

University patrolman Moten testified he had seen the appellant on the campus around 9 p. m. on the date in question wearing a black jacket with an American flag on the back; that appellant was the only person on the campus he observed dressed in this manner; that four or five hours later he had occasion to arrest him for the offense charged.

Officer Reneau of the University police testified he investigated the scene shortly after 10 p. m. on May 6 and found a can underneath the hall with a substance in it which smelled like gasoline, found smoke damage to the floor joist and the floor underneath the building. University Fire Marshal Whitworth testified that his investigation the next day revealed that the fire had not progressed far enough for it to cause the building to catch fire.

Testifying in his own behalf the appellant, who was not a student, related at the time in question he had brought his pallet to the campus to spend the night and he made one or more speeches during the demonstrations on the campus. He denied wearing a black jacket and claimed a shirt with an American flag on it had been left near his pallet. He denied seeing a silver bus, being near Z Hall or having any knowledge of the attempted arson.

■ In two grounds of error appellant complains that the in-court identification by Crawford should have been suppressed because he "did not have counsel present in the one to one show up at the University of Texas police station and did not waive counsel," and that such confrontation was so unnecessarily suggestive and conducive to irreparable mistaken identification that he was denied due process of law.

Reliance is had upon United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed. 2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178.

It is observed that Crawford's in-court identification was made without objection and the State made no effort to use the station house identification to bolster the in-court identification. It was on cross-examination that Crawford related that he had seen the appellant walk alone past an open doorway and then he had been asked if he could identify the appellant. After such cross-examination appellant's counsel moved to strike all identification testimony, claiming the testimony as to the station house identification came as a surprise to him. The court took the motion under advisement and the trial proceeded. When asked on re-direct examination if his identification of the appellant was affected by the station house confrontation the witness Crawford replied:

"I would be identifying him from what I have seen on the campus with the American flag on his back."

After the State rested its case in chief the court overruled appellant's motion finding that the in-court identification was of independent origin and not tainted by the station house confrontation. The record supports the court's findings.[2]

1. This building was shown by other evidence to be of frame construction.

2. Appellant attempts to rely upon the fact that Crawford said he never got closer than 20 yards to the person he saw on

Moreover, this court has in the past refused to extend the holdings in Wade and Gilbert so as to require counsel at an on or near the scene confrontation between a suspect and a witness occurring shortly after the commission of a crime or in other circumstances which necessitate a prompt identification, there being some reasonable elasticity as to time and place. Watkins v. State, Tex.Cr.App., 452 S.W.2d 444; Elliott v. State, Tex.Cr.App., 444 S.W.2d 914; Perryman v. State, Tex.Cr.App., 470 S.W.2d 703 (concurring opinion); Garcia v. State, Tex.Cr.App., 472 S.W.2d 784. See also United States v. Perry, 449 F.2d 1026 (D.C.Cir., 1971).

In Elliott v. State, *supra*, the victim-witness summoned to the police station saw the defendant in the lobby of the building some four and one half hours after the alleged offense.

Appellant recognizes these holdings but contends there was no emergency necessitating the station house confrontation, that Crawford was not injured and the time lapse between the alleged act and the confrontation, some five or six hours, was too great. He cites McRae v. United States, 137 U.S.App.D.C. 80, 420 F.2d 1283 (1969) where the court held a four hour lapse was too long.[3]

As we view the matter each case must be decided on the basis of its own particular facts. We decline to extend the Wade-Gilbert holdings to the instant case given the circumstances here presented. We do not believe any hard and fast rule as to time or place can or should be laid down, nor is there any requirement that the victim or witness be injured. Here the police were working into the late night and early morning hours to apprehend the perpetrator of the alleged offense. If they had waited until sometime the next day for a formal lineup with counsel present it may have resulted in the booking and overnight detention of an innocent individual and the possible interruption of the search for the real criminal. We believe substantial countervailing policy considerations were presented.

Although identification procedure whereby suspects are viewed singly by a witness rather than as part of a lineup has been widely condemned, Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), due process is not, however, invariably violated by such a procedure. See Biggers v. Tennessee, 390 U.S. 404, 88 S.Ct. 979, 19 L.Ed.2d 1267. Here again we note that each case must be considered on its own facts to determine the likelihood that a particular pretrial confrontation resulted in irreparable misidentification. Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247.

While the record in the instant case is silent as to counsel or waiver of counsel at the station house confrontation, there appears to be no evidence of suggestiveness, certainly the circumstances when considered in their totality were not so unnecessarily suggestive and conducive to irreparable misidentification as to amount to a

---

the campus and the following question and answer on cross-examination:
"Q. Now, you told me on September 11, 1970, that you could not see the defendant's, or whoever the person was at the bus, facial features. Is that still your story?
"A. Yes sir, it is."
It is not clear whether the question had reference to the appellant or the man in charge of the bus. Nor is it clear whether the question meant to refer to appellant's facial features only at a precise part of the time he was under observation by the witness. We conclude that when the totality of the circumstances is considered, the record supports the findings of the trial court.

3. In McRae the court said:
"The confrontation at the hospital occurred almost four hours after the rape. At some point the nexus of time and place between offense and identification must become too attenuated to outweigh the admitted dangers of presenting suspects singly to witnesses. We conclude that this point was reached, and more, in this case."

denial of due process. The State did not rely upon such confrontation to bolster the in-court identification. Evidence of the confrontation was injected by the appellant in the trial before the court. The in-court identification was clearly of independent origin and not tainted by the station house confrontation even if it can be said to have been improperly conducted.

Lastly, appellant contends the trial court erred in overruling his motion for a new trial based on newly discovered evidence.

The motion allegedly filed "pursuant to Article 40.03 of Code of Criminal Procedure" was filed after sentence, notice of appeal, and almost a month after approval of the appellate record by the trial court. Such motion was subsequently overruled. For many of the same reasons set forth in Watkins v. State (Tex.Cr.App.1969) 438 S.W.2d 819, appellant's contention is without merit.

Where such motion is filed months after the usual deadline for motions for new trial the court does not abuse its discretion in overruling the same. See Article 40.05, Vernon's Ann.C.C.P. Steward v. State, Tex.Cr.App., 422 S.W.2d 733.

Further, we fail to find where it is shown or alleged that there was no lack of due diligence in discovering the evidence or that it was not merely cumulative, corroborative, collateral or impeaching. See 41 Tex.Jur.2d, New Trial, Sec. 105, p. 253.

Even if the motion had been timely and properly presented, the "newly discovered evidence" would appear only to be cumulative of the appellant's own testimony that he did not go near or see a silver school bus on the campus at the time of the alleged offense.

The contention is overruled.

The judgment is affirmed.