Kenneth Ray PRINGLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 48460.

Court of Criminal Appeals of Texas.

June 19, 1974.

Rehearing Denied July 17, 1974.

John Ellis, Dallas, for appellant.

Henry Wade, Dist. Atty., & Richard W. Wilhelm, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted of robbery; punishment was assessed at life. The sufficiency of the evidence is not challenged.

■ By his first ground of error, appellant contends the trial court erred in admitting State's Exhibits 2 and 3, a shirt and jacket, into evidence, because they were not shown to have belonged to him. The exhibits were shown to have been found in the vicinity of the robbery shortly after it occurred. The jacket fit the description given by the victim of what the robber was wearing and the shirt fit the

description of that worn by appellant, seen by the used car salesman who sold appellant the car used in the robbery. Appellant's objections go to the weight of the evidence rather than its admissibility. See e. g. Alejandro v. State, Tex.Cr.App., 394 S.W.2d 523.

Next appellant contends the interrogation of witness Goss constituted fundamental error by the State. The only objections raised at trial were that the questions were leading, called for a conclusion, and were immaterial and irrelevant. The objections were sometimes sustained and sometimes not, but the objection to the only question that was answered was sustained and the jury instructed to disregard. Ordinarily such action will render the questioning harmless "unless the error is one of so serious a nature that the harm could not be removed," Chapman v. State, Tex.Cr.App., 503 S.W.2d 237. We are unable to say the error was of so serious a nature in this instance.

Appellant's third ground of error contends improper argument was made at the guilt stage of the trial. The court sustained appellant's objection and instructed the jury to disregard, but denied a motion for mistrial. The argument before the objection was:

"All right now, Mr. Street talked about me and my partner in the case. You know that he said that I was in the courtroom and I brought Davis to the courtroom and had him look in here to see if he could identify the defendant. Well, that is all quite true, I brought the man to the door of the courtroom and asked him because I had never had a confrontation in my presence between the witness and the defendant. I'm certainly not going to apologize for wanting to bring my witness into the courtroom and show him the defendant and make sure and satisfy my own mind that this is the man before I come in here and conduct a jury trial and try to have any-

one sent to the penitentary [sic]. And I will not apologize for it. And I will tell you something else, if there is any suspicion in Mr. Street's mind that I in some way tainted or brainwashed Mike Davis, Mr. Street can put me on that witness stand and ask me anything he wants to about my actions in regard to this case, but there is a problem there because when he does that, Mr. Ovard then would ask me some questions. I could tell you folks some things about this case that you don't know yet. See, because that is a two edged sword. I will submit to you that if Mr. Street thought if I would have done anything improper—"

Although the argument was improper insofar as portions of it amounted to testimony by counsel, we think the prompt instruction by the trial court was sufficient to render the error harmless.

Finally, appellant alleges improper argument during the punishment stage of the trial. The complained of argument, in context, was:

"You've got to rehabilitate him if you can. Now I seriously question whether anybody is going to have any success rehabilitating this defendant. If he can be rehabilitated, if there is any hope that he can, I would sincerely ask you to assess his penalty at life in the penitentary [sic], and a sentence of life so they will have an opportunity down there to have him long enough to rehabilitate him. I submit to you that if you assess his sentence at anything less than thirty years or forty years, he won't be there and they won't have the opportunity to rehabilitate him if that can be done, which I doubt."

Taken in context, we do not find the argument to be so suggestive of the effect of the parole law as to constitute reversible error. If the parole law were in fact injected into the jury's deliberations (see Sections 7 and 8, Article 40.03, Vernon's Ann.C.C.P.) or if counsel's argument had

 

been more directly suggestive of the matter (see Hernandez v. State, Tex.Cr.App., 366 S.W.2d 575), we would be confronted with a different situation. Here, however, we find no reversible error.

We have examined the contentions raised in appellant's pro se brief and find them to be without merit.

The judgment is affirmed.

ROBERTS, Judge (dissenting).

Based on prior decisions of this Court, I cannot agree that the majority's holding in the instant case is correct. The second argument of which complaint is made was a clear call to the jury to consider the effect and operation of the parole laws in determining the appellant's punishment, rather than the evidence.

In Hernandez v. State, 366 S.W.2d 575 (Tex.Cr.App. 1963) the argument was as follows:

"Therefore, I say this, that I feel confident that when you send him, that when he has been rehabilitated that they will turn him loose."

Appellant's objection was sustained and instruction to disregard given, yet this Court still reversed.

In Dorsey v. State, 450 S.W.2d 332 (Tex.Cr.App.1970) the argument was:

"The Judge in his charge tells you that you are not to consider, comment or anything else upon the length of the sentence you decide to impose that this Defendant will be required to serve. This is within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of the State of Texas and *I'll say this that if you do not give him life or 99 years in the penitentiary they will not be able to hold him down there until he is rehabilitated; until they themselves decide he is rehabilitated; until they decide that he has been trained and come out into the free world and taken his place in society—*" (Emphasis added)

The majority affirmed the conviction, but Judges Onion and Morrison dissented, saying this was a call to assess punishment based on the operation of the parole law; that it was not rendered harmless by being prefaced by reference to the court's charge; and that the instruction to disregard [which was given] would not cure the error.

The argument in the instant case is strikingly similar to that condemned by two members of this Court in Dorsey v. State, supra, and seems to be even more improper than that which required reversal in Hernandez v. State, supra. The error is compounded by the fact that appellant's objection was overruled, so that this argument was heard by the jury without being limited by the court in any manner.

I would adopt the position of the dissenters in Dorsey v. State, supra, and would reverse this case for the reasons previously discussed.

ONION, P. J., joins in this dissent.