Michael Grant WALLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 56042.

Court of Criminal Appeals of Texas,
Panel No. 3.

Feb. 21, 1979.

Rehearing Denied June 6, 1979.

John J. C. O'Shea, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., and Phil Gamble, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for burglary of a vehicle. Punishment was assessed at imprisonment for three years.

Appellant complains that the trial court improperly admitted identification testimony, refused appellant's requested charge on identification, and refused to grant a mis-

trial when the State attempted to impeach one of appellant's witnesses by referring to a prior conviction for assault.

Early one morning Mrs. Jo Albertson looked out her apartment window and saw someone in her car. She shouted and a man looked up at her and then fled. Within a few minutes appellant was apprehended in the area by police and a CB radio missing from Mrs. Albertson's car and a coat hanger were found a few feet from where appellant was arrested. The appellant was taken to Albertson's apartment, where Mrs. Albertson identified appellant as the burglar. Mrs. Albertson also identified appellant in court as the burglar.

Appellant contends that Mrs. Albertson's identification testimony was the product of an unduly suggestive pretrial confrontation. Appellant did not object at trial to the identification testimony, as is required to preserve error. See *Cole v. State*, 474 S.W.2d 696 (Tex.Cr.App.1971); *Lopez v. State*, 468 S.W.2d 365 (Tex.Cr.App. 1971); *Martinez v. State*, 437 S.W.2d 842 (Tex.Cr.App.1969). In any event, Mrs. Albertson stated at trial that she saw appellant's face clearly during the commission of the offense, and "The reason I can identify him . . . is the look on his face when he was sitting in the car." The pretrial confrontation took place within fifteen minutes of the commission of the offense, and although the appellant was handcuffed according to police, Mrs. Albertson did not recall any handcuffs. There is no other evidence to suggest that the confrontation was conducive to irreparable misidentification. We conclude from the totality of the circumstances that the identification of appellant was not the product of an unduly suggestive pretrial confrontation. The testimony was properly admitted. See and compare *Winn v. State*, 503 S.W.2d 816 (Tex.Cr.App.1974); *Ellingsworth v. State*, 487 S.W.2d 108 (Tex.Cr.App.1972); *Cole v. State*, supra.

Appellant contends that the trial court erred in refusing to give his requested jury instruction on misidentification. The requested instruction generally charged the jury to take into account the credibility of the identification testimony and also charged the jury that the identity of the appellant as the offender had to be proved beyond a reasonable doubt before they could convict the appellant. No issue of mistaken identity was raised by the evidence. Even assuming an issue had been raised, it would have been error for the trial court to single out the facts concerning Anderson's identification of appellant and magnify them before the jury. This would constitute a comment on the weight of the evidence. See *Laws v. State*, 549 S.W.2d 738 (Tex.Cr.App.1977); Art. 36.14, V.A.C. C.P., and the cases there cited under Note 743. Moreover, misidentification is not an affirmative defense, and appellant was adequately protected by the requirement that the jury find beyond a reasonable doubt that *appellant* committed the offense. See *Ward v. State*, 505 S.W.2d 832 (Tex.Cr.App. 1974). Appellant's requested instruction was properly refused.

Finally, appellant contends that the prosecutor improperly attempted to impeach appellant's rebuttal witness Thomas Duane Gentry by asking him whether he had a prior conviction for assault. Appellant objected before Gentry answered the question; the trial court sustained the objection and instructed the jury to disregard the question. Ordinarily, a trial court's prompt instruction to disregard will render an improper question harmless, unless the error is of such a serious nature that the harm cannot be removed. *Sheppard v. State*, 545 S.W.2d 816 (Tex.Cr.App.1977); *Pringle v. State*, 511 S.W.2d 35 (Tex.Cr. App.1974). Although the prosecutor's question was improper, we note that Gentry only testified briefly at the trial, and the substance of his testimony was testified to in much greater detail by two of appellant's other witnesses. We hold that the trial court's instruction to disregard was sufficient to cure the error. Cf. *Salazar v. State*, 432 S.W.2d 957 (Tex.Cr.App.1968).

The judgment is affirmed.

CLINTON, J., concurs in the result.

Before the Court en banc.

### OPINION

### ON APPELLANT'S MOTION FOR REHEARING

ROBERTS, Judge.

█ The panel opinion contains the dictum, "Appellant did not object at trial to the identification testimony, as is required to preserve error." The appellant points out that he filed a pretrial motion which alleged that the eyewitness's identification was tainted, that a hearing on the issue was held outside the presence of the jury, and that the trial court ruled that the identification was admissible. When such procedures are followed, another objection before the jury is not required to preserve error. V.A. C.C.P., Article 40.09, subd. 6(d)(3).[1] See *Roberts v. State*, 545 S.W.2d 157 (Tex.Cr. App.1977); *Riojas v. State*, 530 S.W.2d 298 (Tex.Cr.App.1975).

In two cases (*Cole v. State*, 474 S.W.2d 696 (Tex.Cr.App.1971); *Martinez v. State*, 437 S.W.2d 842 (Tex.Cr.App.1969)) which are cited in the panel opinion, there had been no objection or hearing out of the presence of the jury; therefore, an objection before the jury was required. In *Lopez v. State*, 468 S.W.2d 365, 367 (Tex.Cr. App.1971), the third case cited in the panel opinion, there is a dictum to the effect that error was waived by the appellant's failure to object to the testimony of two eyewitnesses, even though a hearing was held outside the presence of the jury to determine the admissibility of one eyewitness's identification. It will be noted that this dictum is not necessary to the opinion, for the Court went on to consider the merits. It also will be noted that *Lopez* had not been cited for this proposition before the panel opinion in this case was delivered. We take this opportunity to overrule the dictum in *Lopez*, and to state that no objection before the jury to identification testimony is required when the testimony has been ruled admissible after a hearing outside the presence of the jury.

Like the *Lopez* opinion, the panel opinion goes on to consider the merits of the appellant's ground of error and disposes of it properly by holding that the identification was admissible.

The next contention in the appellant's motion for rehearing involves his requested jury instruction on misidentification. In its opinions on the State's motion for rehearing in *Wilson v. State*, 581 S.W.2d 661, (Tex. Cr.App.1979), the Court en banc has rejected the appellant's contention.

The appellant's motion for rehearing is overruled.

DOUGLAS and DALLY, JJ., concur in the result.

---

1. "When the court hears objections to offered evidence out of the presence of the jury and rules that such evidence shall be admitted, then in that event such objections shall be deemed to apply to such evidence when it is admitted before the jury without the necessity of such objections being renewed in the presence of the jury."