

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00084-CR

Jeremy Alexander **RAMIREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR7767
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

Opinion by:  Karen Angelini, Justice

Sitting:  Karen Angelini, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:  December 19, 2012

AFFIRMED

Jeremy Alexander Ramirez was convicted of aggravated robbery and sentenced to twenty years of imprisonment. On appeal, he argues that the "trial court erred in denying [his] two specially requested jury instructions on the issue of 'eyewitness' identification testimony." According to Ramirez, the requested instructions "were designed to provide the jury with precautionary instructions regarding the accuracy of" eyewitness testimony. The Texas Court of Criminal Appeals, however, has held that such jury instructions constitute an impermissible comment on the weight of the evidence and should not be given. *See Roberson v. State*, 852

S.W.2d 508, 511 (Tex. Crim. App. 1993); *see also Waller v. State*, 581 S.W.2d 483, 484 (Tex. Crim. App. 1979) (explaining that the trial court correctly denied in refusing the requested jury instruction because "it would have been error for the trial court to single out the facts concerning [the witness]'s identification of appellant and magnify them before the jury. This would constitute a comment on the weight of the evidence."). In support of his argument, Ramirez cites *Tillman v. State*, 354 S.W.3d 425 (Tex. Crim. App. 2011). In *Tillman*, the defendant proffered the testimony of Dr. Roy Malpass as an expert on eyewitness identifications. *Id.* at 432-33. After a hearing outside the presence of the jury, the trial court excluded the testimony. *Id.* at 433. The court of criminal appeals granted review to address whether the expert testimony regarding eyewitness identification should have been excluded. *Id.* at 434. The court of criminal appeals concluded that the expert testimony was reliable and relevant, holding that "the trial court abused its discretion when it excluded reliable, relevant evidence that would 'assist the trier of fact' by increasing the jurors' awareness of biasing factors in eyewitness identification." *Id.* at 442. Thus, *Tillman* concerned the admissibility of expert testimony relating to eyewitness identification and does not consider whether a jury instruction on eyewitness identification is appropriate. We therefore hold that the trial court did not err in refusing Ramirez's requested jury instructions. *See Hudson v. State*, No. 14-07-00888-CR, 2009 WL 196060, at *7 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (holding that jury instruction regarding eyewitness identification was an impermissible comment on the weight of the evidence); *St. Luce v. State*, No. 14-98-01316-CR, 2000 WL 1862843, at *1 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (explaining that a jury instruction about the evaluation of eyewitness identification testimony is an improper comment on the weight of the evidence).

The judgment of the trial court is affirmed.

Karen Angelini, Justice

DO NOT PUBLISH