No. PD-0465-15 **465-15**

# In THE Court of Criminal Appeals of Texas

Pro Se

ORIGINAL

---

John J. Smith

Petitioner

v.

The State of Texas

Respondent

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 13 2015

Abel Acosta, Clerk
FILED IN
COURT OF CRIMINAL APPEALS

MAY 14 2015

Abel Acosta, Clerk

---

# Petition For Discretionary Review

---

Petition is in Cause No. 0414-1114-CR Appeal from the 184th District Court of Harris County

# Table of Contents

Index of Authorities

Statement of the Nature of Case

Appellant's point of error presented

Statement of facts of the case

Statement of regarding oral araments

Summary of the Arguments

## Appellant's 1St Point of error

(1) gave an unrequested "Allen" charge, which charged the jury into arriving at a guilty verdict:

## Appellant's 2ND Point of error

(2) gave an unrequested "Allen" charge in violation of Code of Criminal Procedure article 36.16;

## Appellant's 3RD Point of error

(3) failed to instruct the jury on the factual issue of eyewitness identification

## Apellant's 4th Point of Error

(4) allowed a witness to make an in-court I.D. of appellant after participating in an suggestive trial identification procedure

# Table of Authorities – Cases

Allen v. U.S. 164 U.S 492, 17 S. CT. 154 (1896) . . . . . . 9

Arrevalo v. State 489 SW. 2D 569 (Tex. Crim. APP -(1973)..9/13

Barber v. State 412 F. 2D 775 (5th Cir (1969) . . . . . . 23

Barnett v State 161 S.W. 3D 128, At 134-135
(Tex. App – Ft. Worth [2nd Dist.] - 2005)
Aff'd 189 S.W. 3D 272 (Tex. Crim. APP. -2006) . . . 13

Boyd v. Scott 45 F. 3d 876, 878 n. 1 (5th Cir 1994)
Cert. denied, 514 U.S. 1111, 115. S. Ct 1964
131 L. Ed. 2nd 855 (1995) . . . . . 9

Brown v. State 122 S.W. 3D 794 (Tex. Crim. APP. -2003 ...18

Calicult v. State 503 S.W. 2D 574 (Tex. Crim APP -1974 ...15

Cole v. State 474 S.W. 2D 696 (Tex Crim APP -1971 ....29/30

Davis v. State 709 S.W. 2D. 288, At 291 (Tex. APP-Corpus Christi
1986) (Pet. ref'd) . . . . . . 15

EX Parte Menchaca 854 S.W. 2D 128 Tex Crim -1993 ... 9

Foster v. California
394 U.S. 440, 89 S. CT. 1127, 22 L ED 2D 402(1969) ...30

Golden v. State 89 Tex. Cr. R. 525 232 SW 813
(Tex. Crim APP. -1921) ...15

Gergory V. U.S.
125 U.S. APP. D.C 369 F. 2D 185 (DC Cir 1966)...24

Griffith v. State 686 SW 2D 331 (Tex APP-1st Dist.
-Houston-1985 ....15

Howard v. State 941 SW 2D 102 Tex Crim-1988 ..10/12

Jackson v. State
753 S.W. 2D 706 (Tex. APP-4th Dist S.A. 1988 ..15.16

Love v. State 909. S.W. 2d. 930 (Tex. APP -
El Paso [8th Dist] - 1995 (pet. ref'd .....15,16

Griffith v. State 686 SW 2D 331 (Tex. APP.
1-Houston-1985 (no pet.) ........ 15

Howard v. State 941 S.W. 2d 102 (Tex. Crim
APP. -198 ........10/12

Jackson v State 753 S.W. 2D 706 (Tex. APP.
-4th Dist. - San Antonio-1988 .... -15/16

Love v. State 909 SW. 2d. 930
(Tex. APP - El Paso [8th Dist -1995)...13/16

Lowenfield v Phelps 484 U.S. 231/108 S.CT.
646, 98 L. Ed. 2d. 568 (1988) . ......12

Macklin v U.S. 133 U.S. APP. D.C.139 409 F.
2D 174 (D.C. Cir. -1969) .... 24

Madden v. State 799 SW 2D. 683 (Tex. Crim.
APP. 1990) cert denied, 432 US 98 111 SCT 1432,
113 L. ED. 2D 483 (1991) .......89

Manson v Brathwaite
432 US. 98, 97 S.CT. 2243, 53 L ED 2D (1977) 28

McKenzie v U.S. 75 U.S. APP. DC, 270, 126 F.ED.
533 (1942)

Neil v. Biggers 409 U.S. 188, 93 S.CT. 375, 34 ....28
L ED. 2D 401 (1972)

Stevens v. Travelers INS Co. 563 SW. 2D 223 ....14
(Tex.- 1978

Stovall v. Denno
388 U.S. 293, 87 S.CT. 1967 18 L ED 2d 1967).27

United States v. Wade 388 US. 218, 87 S CT
1906, 18 L ED 2D 1149 1977) 30 33

# Table of Authorities - Statutes

Page

Tex. P.C. ADID., Sec. 12.42 (Vernon-2011) . . . . . . . 1
Tex. C.CRIM. PROC., ART. 36.14 (Vernon-2011) . . . . . . 22
Tex. C.CRIM. PROC., ART. 44.29(b) (Vernon 2011) 26,33,34
U.S. CONST I, AMEND V, and XIV . . . . . . . . 27,33

# Table of Authorities - Rules

Page

Tex. R. APP. PROC. 21                          6
Tex. R. APP. PROC. 25.2.                       11
Tex. R. APP. PROC. 43. 8 (C)                   34
Tex. R. APP. PROC. 43.3. (b)          16, 21, 26, 33
Tex. R. APP. PROC. 38.1 (A)                    1
Tex. R. APP. PROC. 39.1                        1
Tex. R. APP. PROC. 43. 3. (b)        16, 21, 25 33, 34
Tex. R. APP. PROC. 44.2                        34

# Table of Authorities - Other

Page

Instruction 1.25 (2001), Pattern Jury Instruct-
ions of the District Judge Association of
the Fifth Circuit                              23

# Preliminary Statement of Case

This is an appeal in a criminal case from Appellant's jury conviction in THE STATE OF TEXAS V. John James Smith and originates as trial court Cause No. 1834109 in the 184th District Court of Harris County, Texas. (Clerk's Rec. vol. 1 p 18)

On December 12, 2011, the Appellant entered a plea of not guilty to a jury to the offense of Aggravated Robbery. (Clerk's Rec. vol 1, p 88) arising out of the convenience store robbery AT KnifePoint. The jury convicted the Appellant. And the trial court sentenced the Appellant to 45 years in prison. (Clerk's Rec., vol 1, p 88)

Appellant perfected timely written notice of appeal on December 15, 2011) Clerks Rec vol 1 p 91

This Court has jurisdiction pursuant to TEX. R. APP. PROC. 25.2.

Appellant urges this court to reverse And complains of error in the ALLEN jury charge at the guilt-innocence portion of Appellant's trial.

# STATEMENT OF THE FACTS

A recitation of the procedural history and facts of the case shown below is necessary for disposition of the points of error raised. 1

Appellant was indicted for the Sep. 24, 2009 felony of Agg. rated, Robbery with A Deadly weapon to wit A knife. (Clerks Rec. vol 1, p 18)

Two, Additional paragraphs alleging prior felony convictions subjected Appellant to "regular" habitual offender punishment under convictions under TEX. P.C. ANN. Sec 12.42 (Version-2011) (Clerk's Rec vol 1., p. 18)

Appellant entered a plea "not guilty" (Report's Rec. vol. 3, p 7) having announced through his counsel that he had "no objections" to the composition of his petit jury. (Reporter's Rec. vol. 2 p. 141)

\* Appellant dose not challenge the sufficiency of the evidence.(error).

(There was no affirmative finding of the weapon!) where was the knife found? in the store, or in the truck? The State got the knife tested for fingerprints And D.N.A. And found "None"

Shami Campbell testified appellant pulled cash from the register (vol. 3, p 75) The Appliant then fled the scene (vol. 3, p 78). A knife was left at the scene on the floor in front of the pastries (vol.3, p 86) Huelon Houston testified he noticed that there was a knife on the floor. (vol 3, p. 21). Harris County Sheriff Mark Gustafson testified he found the knife in the truck. Cheak Rec for vol + page no.

Thomas v. State        "D.N.A Test"

841 S.W. 2d 399, 400 (Tex Cr App. 1992

Contitutional Law 268.(5)

# APPELLANT'S 1ST POINT OF ERROR

The cause should be reversed for a new trial because the trial court committed error in giving an un-requested "ALLEN" (DYNAMITE) charge to a deliberating non-deadlocked jury which had the net effect without the opportunity for free, fair and full jury deliberations

The instant record shows that, after closing arguments the jury retired for deliberations on December 13, 2011 at 4:00 pm. The jury was allowed to separate + went home a short while later at 5:00 pm. on Dec. 13, 2011.

The jury resumed deliberations that next morning at 9:00 AM on Dec. 14, 2011. had a read back and, went to lunch at 12:10 PM). The jury then resumed deliberation at 1:30 pm and, and after jury note #3 the trial court presented its "ALLEN" charge set out below at 2:50 PM

The record shows that the trial court gave the following MODIFIED AND CUSTOMIZED instruction to the jury after they sent out a note. #3 which read:

What do we do (if) we don't all agree and are not going to come to a unanimous decision?"

".....MEMBERS OF THE JURY:

The length of time the jury would be required is within the discretion of the Court: AND THE COURT DOES NOT AT PRESENT FEEL THAT THE JURY HAS DELIBRATED A SUFFICIENT LENGTH OF TIME: to fully eliminate the possibility of its being able to arrive At a verdict. Please continue your deliberations in an effort to Arrive at a verdict that is acceptable to All members of the jury, If you can do so without doing violence to your conscience. (vol. I, p 87)

Such a charge has also been colloquially referred to as a "dynamite," or hammer charge."

The federal circuit court commonly give term "Allen charge" this meaning, as do the slate. See: BOYD V. SCOTT, 45 F. 3d 876, 878 n. 1 (5th Cir 1994) cert. denied 514 U.S. 111, 115 S. Ct. 1944, 131 L.Ed. 2d. 855 (1995) EX PATE MENCHACA, 854 S.W. 2d 158, 152 n. 3 (Tex. Crim. App - 1993).

The purpose of an ALLEN charge is to instruct a deadlocked jury to continue deliberating. See: ALLEN v. UNITED STATES 164 U.S. 492, 17 S. Ct. 154 (1896) And ARREVALO V. STATE 489 S.W. 2D 569 (Tex Crim. App. - (1973)

The instruction is so termed because of its ability to blast AWAY as it were any impediment to the return of a unanimous verdict. The goal is the avoidance of a mistrial so the trial judge is not confronted with having to try a case a second time.

They obviously capitulated to the coercive influence of the supplemental charge and submitted to the court's overpowering will (and desire) to avoid a mistrial at any and all costs, in violation of the, APPELLANTS (federally protected constitional rights to due process under) U.S. CONST. AMEND V. and XIV.

This case should be reversed. The trial court gave its ALLEN charge, unrequested by either side, and in the total absence of clear and unmistakable, indications from the JURY that they were hopelessly deadlocked and unable to reach a verdict. Appellant contends that it is necessary for the JURY FIRST to clearly indicate it is (deadlocked) AND THEN specifically request an ALLEN charge before the trial gives it.

See: JACKSON V. STATE, 753 S.W. 2d 706, At 711-12 (Tex. App - San Antonio [4th Dist. - 1988 (Pet. ref'd).

But see as distinguishable: LOVE V. STATE 909 S.W. 2nd 930, 936 (TEX. APP - El Paso, 1995, Pet. ref'd) (ALLEN charge included within original jury instructions).

Moreover, but most importantly of all the customized language used by the trial court in its forms to tinker with an ALLEN charge that "... the court does not feel that the jury has deliberated a sufficient bulk of time", sends an unmistakable message to the jury, that the Court felt that WITH additional deliberation time the jury WOULD reach a verdict and, thereby...fully eliminate the possibilty" of a deadlocked jury and a mistrial...."

This supplemental charge was essentially most so easily disguised comment on the weight of evidence. BROWN V. STATE 122 S.W. 3D 794 (Tex. Crim. APP. 2005) (analysis of jury charge given by trial court as improper comment on weight of the evidence - excellent discussion).

In other words, the trial court essentially communicated its opinion of the case by its supplemental charge "I do not feel you have deliberated long enough" which properly translated means... Why on earth are you taking so long to find this defendant guilty? (DELIBERATE SOME MORE)

Appellant prays that the Court order that the judgment of guilt and the sentence be reversed and a new trial ordered. TEX. R. APP. PROC. 43.3 b)

In the alternative, Appellant prays that this Court reverse Appellant's conviction and order a new trial on the matter of punishment only:

TEX. R. CRIM. PROC. ART. 44.29 (b)(Vernon-2011)
TEX. R. APP PROC. 43.3

# APPELLANT'S 2ND POINT OF ERROR

THE CAUSE SHOULD BE REVERSED AND REMANDED FOR A NEW TRIAL BECAUSE THE TRIAL COURT VIOLATED THE THE MANDATORY PROVISIONS OF TEX. C. CRIM. PROC. § 36.16 (VERNON-2011) IN GIVING AN UNREQUESTED "ALLEN" (DYNAMITE) CHARGE TO THE DELIBERATING JURY WHICH HAD NOT REQUESTED ANY FURTHER INSTRUCTIONS FROM THE TRIAL COURT.

Jury Note #5 was a question:

What do we do "IF" we don't all agree, and are not going to come to a unanimous decision?

The clear and unambiguous provisions of TEX. C. CRIM. PROC. § 36.16 (VERNON-2011) specifically provide that:

......After the argument begins no further charge shall be given to the jury unless (requested) by the improper argument of counsel or the request of the jury, or unless the judge shall in his discretion permit the introduction of other testimony, and in the event of such further charge, the defendant or his counsel shall have the right to present objections in the same manner as prescribed in Article 36.15

As a threshold point in this analysis, Appellant would point to the fact of the conditional nature of the jury's question. They simply asked IF they did not all agree and were not going to come to a unanimous decision what were they supposed to do ?????

The vote, can be, reasonably read as a mere question asking what would happen if IN THE FUTURE they could best come to a unanimous agreement, and NOT that they were, in fact in that state of affairs.

Nonetheless, the district court, perhaps in an "abundance of caution" gave its unrequested "ALLEN" charge, but did so in clear and plain violation of the mandatory provisions of TEX. C. CRIM. PROC. 36.16 (Vernon-2011)

Appellant prays that the Court order that the judgment of guilt and the sentence be reversed and a new trial ordered, due to the trial court's violation of mandatory terms of this statute. TEX. R. APP. PROC. 43.3 (b)

In the alternative, Appellant prays that this Court reverse, Appellants conviction, and order a new trial on the matter of punishment only.

TEX. R. CRIM. PROC. ART. 44.29 (b) (Vernon-1991); TEX. R. APP. PROC. 43.3 (b)

# APPELLANT'S 3RD POINT OF ERROR

THE TRIAL COURT COMMITTED FUND -AMENTAL ERROR IN FAILING TO INSTRUCT THE JURY ON THE FACTUAL ISSUE OF EYE-WITNESS IDENTIFICATION THAT FAIRLY RAISED BY THE EVIDENCE.

The Trial court is under a duty to affirmatively instruct the jury on the law as it pertains to the facts of the case. TEX. C. CRIM. PROC. ART. 36.14 (Vernon-2001); WILLIAMS V. STATE 547 S.W. 2D 18 (TEX. Crim. App. - 1977)

Appellant contends that the trial court. should have given a jury charge on eyewitness idintificat-ion similar to the foregoing:

The burden is on the state, to prove beyond a re-asonable doubt not only that the offense was committed as alleged in the indictment, but that the defendant was the person who committed it

Any subsequent identification failure to identify or misidentify by the witness, the circumstances surrounding the identification, the certainty or lack of certainty expressed by the witness the state of mind of the witness at the time, and other circumstances bearing on the offense reliability of the witness identification that you deem relevant.

Any other direct or circumstantial evidence which may identify the person or persons who committed the offense charged, or corroborate or negate the identification by a witness.

You must be satisfied beyond a reasonable doubt of the accuracy of the identification of the defendant before you may convict him. If the circumstances of the identification of the defendant are not convincing, to you beyond a reasonable doubt you must find the defendant (not guilty.)

Relative to the degree of certainty of the witness, this element is perhaps the very strongest for the Appellant, in that in the victims' own words when asked by the prosecutor to make an in-court I.D. of the Appellant she testified "the nose and certain facial features look similar" (vol. 3, p.67) and that "... Like I said, he looks familiar to me" (vol. 3, p.67) and as she said on examination by the prosecutor that the Appellant "he looks like the man yes" (vol, 3, p.79)

(Instructions 1.25 (2001) Pattern Jury Instruction of the District Judges Association of the Fifth Circuit)

BARBER V. U.S 412 F.2d 775 (5th Cir-1969)

McKENZIE V U.S. 75 US. APP. D.C. 270, 126 F 2D 775 (5th Cir-1948)

U.S. V TELFAIRE 152 US. APP D.C. 146, 469 F 2D 552 (D.C. Cir-1972)

# PRAYER

Appellant contends that it cannot be said that this case was where the evidence was simply overwhelming.

Appellant prays that the court order that the judgment of guilt be reversed and a new trial ordered. TEX. R. APP. PROC. 43.3 (b).

In the alternative, Appellant argues that this Court should reverse Appellant's conviction and order a new trial on the matter of punishment only.

TEX. R. CRIM. PROC., ART. 44.29(b) (Vernon-2011).;

TEX. R. APP. PROC. 43.3 (b)

# APPELLANT'S 4TH POINT OF ERROR

The trial court committed fundamental error in allowing the complaint to make an in-court I.D. of appellant Because, it was the product of a pre-trial show-up I.D. procedure of exhibiting the appellant in custody in the back of a police car. That was so impermissibly suggesive as to give rise to a substantial likelihood of irreparable, misidentification that was violatative of the federal Due Process clause of the Fifth and Fourteenth Amendments.

The trail court committed fundamental error in allowing the witness to make an in-court I.D. procedure of the Appellant. Appellent contends that the prior show-up I.D employed by the police was so unnecessarily suggestive and conducive to irreparable mistaken I.D. that omission of such I.D. evidence and the in-court ID deprived the accused of his (federally protected constitional rights to due process of law):
US. CONTI, AMEND. and XIU, V. UNITED STATES
V. WADE 38 US. 218, 87 S.CT 1926 18 L ED 1149

(1967).

## PRAYER FOR RELIEF

WHERFORE, PREMISS CONSIDERED, Appellant prays that this Honorable Court, to consider the points of error raised herein, and to order that the judgment of guilt and the sentence be reversed and a new trial be ordered.

TEX. R. ART PROC. 43.3(b) TEX R. APP. PROC. 44.2 (a) and (b); TEX APP. PROC 43.2 (c).

In the alternative, Appellants prays that that the sentence herein be reversed, and a new trial ordered on the matter of punishment only!

TEX. R. CRIM. PROC. ART. 44.29 (b) (Vernon -2001); TEX. R. APP. PROC. 43.3(b).

## FINAL ARGUMENT

Appellant prays that this Honorable Court close honor these errors, if not order that the judgment of guilt and the sentence be reversed and a new trial be order on the following: (Ineffective of Counsel)

EX PARTE MENCHACA 854 S.W. 2d 128, 131 L. Ed. 2d (TEX. Crim. App-1993)
Strickland 466 U.S. At 609, 104 At 266

Respectfully
     Submitted


John James Smith
#1757775 Stiles Unit
3060 FM 3514
Beaumont, Texas
       77705


Thank You!

# Certificate of Service

I herebu certify that on this day the _7th_ day of _MAY_ 2015 a true and correct copy of the foregoing brief was hand delivered to the Clerk of the Court of Criminal Appeals of Texas, P.O. Box 12308, Capitol Station, Austin Texas 78711.

John Smith
#1757775
3060 FM 3514
Stiles Unit
Beaumont Tx
77705

Opinion issued May 30, 2013



RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 13 2015

Abel Acosta, Clerk

In The

# Court of Appeals

For The

# First District of Texas

---

## NO. 01-11-01114-CR

---

**JOHN JAMES SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

On Appeal from the 184th District Court
Harris County, Texas
Trial Court Case No. 1234109

---

## MEMORANDUM OPINION

A jury convicted appellant, John James Smith, of the first-degree felony offense of aggravated robbery.[1] After the trial court found the allegations in two

---

[1] *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (Vernon 2011).

enhancement paragraphs true, it assessed punishment at forty-five years' confinement. In four issues, appellant contends that the trial court erroneously: (1) gave an unrequested *Allen* charge, which coerced the jury into arriving at a guilty verdict; (2) gave an unrequested *Allen* charge in violation of Code of Criminal Procedure article 36.16; (3) failed to instruct the jury "on the factual issue of eyewitness identification"; and (4) allowed a witness to make an in-court identification of appellant after participating in an impermissibly suggestive pre-trial identification procedure.

We affirm.

## Background

Shami Campbell worked as a cashier at an Exxon station on the Eastex Freeway in northeast Harris County. On September 24, 2009, she was working the night shift with the store manager, Huelon Houston, when two men came into the convenience store together. Campbell identified appellant in court as one of the men. Appellant paced around one side of the store while his companion, later identified as Joseph Johnson, searched for something to purchase. After the other customers in the store left, Johnson approached the cash register to purchase a bag of chips. Johnson then decided that he wanted to purchase something else. As Campbell opened the register to ring up this second purchase, appellant ran behind the counter, placed Campbell in a chokehold, pressed a knife to her neck, and told

2

her not to move. Appellant and Johnson took the money located in the register, and appellant threw Campbell to the ground and again told her not to move. Appellant and Johnson then ran out of the store.

Right after appellant and Johnson fled the store, Houston came inside and Campbell told him that the store had been robbed. Houston called 9-1-1. Campbell never looked at any lineups or photo-arrays prepared by the police to identify appellant, but she did watch the store's security footage before she went home that evening. (appellant not on security tape)

Huelon Houston testified that he was standing outside taking a cigarette break when the robbery occurred. Appellant and Johnson were already in the store when Houston went outside, and Houston stated that nothing unusual was occurring in the store when he left. Houston remained outside for three or four minutes. He was walking back into the store when he saw appellant and Johnson running from the store. The men paused to look at Houston, and Houston took note of the license plate number of their vehicle. Houston then entered the store, and Campbell reported that she had just been robbed.

When Harris County Sheriff's Department Deputy M. Gustafson arrived at the Exxon station, Houston showed him the surveillance footage of the incident and gave him the license plate number that he had written down. Deputy Gustafson then left the station. He returned about an hour later with appellant and

3

Johnson in the back seat of his patrol car, and he asked Houston if the men fit the description of the robbers. Houston identified the men as the same men he had seen running from the store and getting into a vehicle. At trial, Houston testified that appellant "looks familiar" but that he also "looks very different today."[2] He stated that he was positive that the men that Deputy Gustafson brought back to the store were the same men that he had previously seen fleeing the store. Defense counsel did not object to Houston's testimony concerning Deputy Gustafson's actions in bringing appellant and Johnson back to the store for identification purposes, and he did not object to Houston's in-court identification of appellant. Instead, defense counsel questioned Houston concerning this encounter with appellant, Johnson, and Deputy Gustafson on cross examination.

Deputy Gustafson testified that he spoke with Campbell and Houston upon arriving at the store. Deputy Gustafson used the license plate number that Houston had obtained to determine a possible address for the suspects, and he drove over to this address and parked a few houses away. He waited for around thirty or forty-five minutes before a vehicle matching the description and license plate number that Houston had provided arrived at the house. Deputy Gustafson then brought appellant and Johnson back to the Exxon station. Houston had the opportunity to

---

[2]     Shami Campbell and Deputy Gustafson agreed with Houston that appellant looked different than he had on the night of the robbery. Specifically, all three witnesses testified that appellant had gained weight.

4

look at the men, and he identified them as the men who had robbed the store. While Deputy Gustafson was waiting for appellant and Johnson, (Campbell had gone home,) so she was not present when Gustafson arrived back at the Exxon station for Houston's identification. (Defense counsel did not object )o Deputy Gustafson's testimony concerning Houston's viewing of the suspects while they were in the back of the police car.

After the jury had been deliberating for several hours, it sent a note to the trial court stating( "What do we do if we don't all agree and are not going to come to a unanimous decision[?]") The trial court proposed giving an *Allen* charge, and ( defense counsel did not object on any grounds.) The court then read the following response to the jury:

> It would be necessary for the Court to declare a mistrial if the jury found itself unable to arrive at a unanimous verdict after a reasonable length of time; the indictment would still be pending, and it is reasonable to assume the case will be tried again with the same questions to be determined by another jury and with no reason to hope such other jury would find the questions any easier to decide.

> The length of time the jury would be required to deliberate is within the discretion of the Court and the Court does not at present feel the jury has deliberated a sufficient length of time to fully eliminate the possibility of its being able to arrive at a verdict.

> Please continue your deliberations in an effort to arrive at a verdict that is acceptable to all members of the jury, if you can do so without doing violence to your conscience.

Shortly over an hour later, the jury reached a verdict and found appellant guilty of aggravated robbery. The trial court subsequently found the allegations in two

enhancement paragraphs true and assessed punishment at forty-five years' confinement.

## *Allen* Charge

In his first issue, appellant contends that the trial court erroneously gave an unrequested *Allen* charge "to a deliberating non-deadlocked jury which had the net effect of coercing the jury into arriving at a guilty verdict."

### A. *Giving of* Allen *Charge*

Both the United States Supreme Court and the Court of Criminal Appeals have accepted the use of a supplemental *Allen* charge. *See Allen v. United States*, 164 U.S. 492, 501–02, 17 S. Ct. 154, 157 (1896); *Howard v. State*, 941 S.W.2d 102, 123 (Tex. Crim. App. 1996). In *Allen*, the Supreme Court approved the use of supplemental jury instructions to encourage (a deadlocked jury) to continue deliberating in order to reach a verdict if the jurors could do so without violating their consciences. *See Allen*, 164 U.S. at 501, 17 S. Ct. at 157. The Court of Criminal Appeals has defined an *Allen* charge as a "supplemental charge sometimes given to a jury that declares itself deadlocked." *Barnett v. State*, 189 S.W.3d 272, 277 n.13 (Tex. Crim. App. 2006). This supplemental charge "reminds the jury that if it is unable to reach a verdict, a mistrial will result, the case will still be pending, and there is no guarantee that a second jury would find the issue any easier to resolve." *Id.*

6

When reviewing an *Allen* charge, the "primary inquiry" is to determine the charge's "coercive effect on juror deliberation, 'in its context and under all circumstances.'" *Howard*, 941 S.W.2d at 123 (quoting *Lowenfield v. Phelps*, 484 U.S. 231, 237, 108 S. Ct. 546, 550 (1988)); *Freeman v. State*, 115 S.W.3d 183, 186–87 (Tex. App.—Texarkana 2003, pet. ref'd). A charge that speaks to the jury as a whole, instead of specifically addressing a minority of the jurors, and that encourages jurors to re-examine their views and change their opinions without "surrendering honest convictions" is not coercive on its face. *Freeman*, 115 S.W.3d at 187.

To preserve error concerning the submission of an *Allen* charge, the defendant must object to the submission of the supplemental charge. *See Thomas v. State*, 312 S.W.3d 732, 740 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) ("There is no evidence in the record that appellant objected to the submission of this [*Allen*] charge. Appellant has, therefore, waived any error with respect to the trial court's decision to deliver the *Allen* charge."); *see also* TEX. R. APP. P. 33.1(a)(1)(A) (providing that, to preserve error, complaining party must make complaint to trial court by timely request, objection, or motion that states grounds for ruling sought with sufficient specificity to make trial court aware of complaint).

Here, the jury sent a note to the trial court asking, "What do we do if we don't all agree and are not going to come to a unanimous decision[?]" In response,

7

the trial court proposed giving an *Allen* charge. (Defense counsel did not object.) We therefore conclude that because defense counsel did not object to the submission of the *Allen* charge, appellant failed to preserve for appellate review his complaint that the *Allen* charge was unduly coercive. *See Thomas*, 312 S.W.3d at 740.

We overrule appellant's first issue.

### B.     Violation of Article 36.16

In his second issue, appellant contends that, in giving an *Allen* charge, the trial court violated Code of Criminal Procedure article 36.16.

Code of Criminal Procedure article 36.16 provides:

> After the argument begins no further charge shall be given to the jury unless required by the improper argument of counsel or the request of the jury, or unless the judge shall, in his discretion, permit the introduction of other testimony, and in the event of such further charge, the defendant or his counsel shall have the right to present objections in the same manner as is prescribed in Article 36.15.

TEX. CODE CRIM. PROC. ANN. art. 36.16 (Vernon 2006).

To preserve an article 36.16 complaint for appellate review, the defendant must object at trial on the basis that the submission of an *Allen* charge would violate article 36.16. *See Loving v. State*, 947 S.W.2d 615, 619 (Tex. App.—Austin 1997, no pet.); *see also Bledsoe v. State*, 21 S.W.3d 615, 622 (Tex. App.—Tyler 2000, no pet.) (citing *Loving* and holding that complaint that trial court violated article 36.16 was not preserved when trial objection "did not implicate

8

article 36.16" but instead merely argued that portion of proposed *Allen* charge was improper); *Duc Vu v. State*, 750 S.W.2d 8, 10 (Tex. App.—Texarkana 1988, pet. ref'd) ("An objection to a failure to follow statutory procedures is necessary to preserve a claimed error when the court gives an *Allen* charge to a deadlocked jury.").

As mentioned above( defense counsel did not object on any ground )when the trial court gave the jury a supplemental *Allen* charge. Thus, appellant also failed to preserve his complaint that the trial court violated article 36.16 when it gave the *Allen* charge.[3] *See Bledsoe*, 21 S.W.3d at 622; *Loving*, 947 S.W.2d at 619.

We overrule appellant's second issue.

## Eyewitness Identification Jury Instruction

In his third issue, appellant contends that the trial court committed fundamental error when it failed to include in the written charge an instruction "on the factual issue of eyewitness identification."

---

[3] We note that, in *Loving*, defense counsel objected that the *Allen* charge given by the trial court was "premature and coercive" because the jury had deliberated for less than five hours and "had not indicated it was in disagreement or deadlocked in reaching a verdict." *Loving v. State*, 947 S.W.2d 615, 619 (Tex. App.—Austin 1997, no pet.). The Austin court noted that "[m]any courts believe an *Allen* charge is less coercive if submitted before a jury comes to an impasse in reaching a verdict and thus have expressed a preference for the trial court to give the charge before a jury deadlocks." *Id.* The court ultimately concluded that "the trial court did not err in giving the *Allen* charge before the jury indicated it was unable to reach a verdict and deadlocked." *Id.* at 620; *see also Love v. State*, 909 S.W.2d 930, 937 (Tex. App.—El Paso 1995, pet. ref'd) (finding "no authority condemning the issuance of the 'Allen' type instruction in the court's main [punishment] charge" presented to jury before punishment-phase deliberations began).

9

We use a two-step process in reviewing jury charge error. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). First, we determine whether error exists in the charge. *Id.* If error does exist, we review the record to determine whether the error caused sufficient harm to require reversal of the conviction. *Id.* When, as here, the defendant fails to object, or states that he has no objection to the charge, we will not reverse for jury charge error unless the record shows "egregious harm" to the defendant. *Id.* at 743–44.

In each case, the trial court shall deliver to the jury a written charge that sets forth the law applicable to the case and does not express "any opinion as to the weight of the evidence," does not sum up the testimony, and does not discuss the facts of the case. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14 (Vernon 2007). It is erroneous for the trial court to give a jury instruction that "instructs a jury on the weight to be given certain testimony." *Russell v. State*, 749 S.W.2d 77, 78 (Tex. Crim. App. 1988). The Court of Criminal Appeals has previously rejected jury instructions on issues such as misidentification, concluding that it would be erroneous for the trial court to "single out the facts concerning [an eyewitness's] identification of [the defendant] and magnify them before the jury." *See, e.g., Waller v. State*, 581 S.W.2d 483, 484 (Tex. Crim. App. 1979); *see also Roberson v. State*, 852 S.W.2d 508, 511 (Tex. Crim. App. 1993) ("[T]his Court has held that a charge on mistaken identity is an improper comment on the weight of the evidence

10

and should not be given."); *Laws v. State*, 549 S.W.2d 738, 740 (Tex. Crim. App. 1977) ("Appellant requested the court to instruct the jury that if they had a reasonable doubt that appellant had been mistakenly identified to find him not guilty. The court did not err in refusing to submit the instruction because it would have been singling out particular parts of the testimony.").

Appellant contends that the trial court should have given an instruction on "eyewitness identification" that tracks the pattern jury instruction recommended for federal district courts in the Fifth Circuit. Specifically, appellant contends for the first time on appeal, that the trial court should have given an instruction similar to the following:

> The burden is on the State to prove beyond a reasonable doubt not only that the offense was committed as alleged in the indictment, but that the defendant was the person who committed it.
>
> In considering whether or not the State has proved beyond a reasonable doubt that the defendant is the person who committed the offense you may consider any one or more of the following:
>
> 1.  The witness' opportunity to observe the criminal acts and the person committing them[,] including the length of the encounters, the distance between the various parties, the lighting conditions, the witness' state of mind at the time of the offense, and other circumstances affecting the witness' opportunity to observe the person committing or persons committing the offense that you deem relevant.
>
> 2.  Any subsequent identification, failure to identify or misidentify by the witness, the circumstances surrounding the identification, the certainty or lack of certainty expressed by the witness, the state of mind of the witness at the time and other

11

circumstances bearing on the reliability of the witness' identification that you deem relevant.

3.  Any other direct or circumstantial evidence which may identify the person or persons who committed the offense charged or corroborate or negate the identification by the witness.

You must be satisfied beyond a reasonable doubt of the accuracy of the identification of the defendant before you may convict him. If the circumstances of the identification of the defendant are not convincing to you beyond a reasonable doubt, you must find the defendant not guilty.

The requested jury instruction in this case is similar to the requested instructions in *Roberson*, *Waller*, and *Laws*. As the Court of Criminal Appeals concluded in those cases, we conclude that the requested instruction singles out evidence relating to the identification of appellant and constitutes an improper comment on the weight of the evidence. *See Roberson*, 852 S.W.2d at 511; *Waller*, 581 S.W.2d at 484; *Laws*, 549 S.W.2d at 740. We therefore hold that the trial court did not commit error by failing to submit this instruction.

We overrule appellant's third issue.

### Pre-trial Identification Procedure

Finally, in his fourth issue, appellant contends that the trial court erroneously allowed the complainant to make an in-court identification of appellant that was the product of an impermissibly suggestive pre-trial identification procedure.

A pre-trial identification procedure may be so suggestive and conducive to mistaken identification that subsequent use of that identification at trial would deny

12

the defendant due process of law. *Barley v. State*, 906 S.W.2d 27, 32–33 (Tex. Crim. App. 1995) (citing *Stovall v. Denno*, 388 U.S. 293, 301–02, 87 S. Ct. 1967, 1972 (1967)); *Page v. State*, 125 S.W.3d 640, 646 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). We conduct a two-step analysis to determine the admissibility of the in-court identification of the accused: (1) whether the out-of-court identification procedure was impermissibly suggestive; and (2) whether that suggestive procedure "gave rise to a very substantial likelihood of irreparable misidentification." *Barley*, 906 S.W.2d at 33 (citing *Simmons v. United States*, 390 U.S. 377, 384, 88 S. Ct. 967, 971 (1968)). The defendant bears the burden of establishing, by clear and convincing evidence, that the pre-trial identification procedure was impermissibly suggestive. *Page*, 125 S.W.3d at 647.

The Court of Criminal Appeals has also held, however, that "the failure of the appellant to complain or object in the trial court about the out of court identification procedure or the in court identifications constitute[s] a procedural default . . . ." *Perry v. State*, 703 S.W.2d 668, 671 (Tex. Crim. App. 1986). In *Perry*, the Court of Criminal Appeals noted that the appellant failed to object or complain in the trial court about the out-of-court identification procedure or the in-court identification, and he also "failed to show any justification, cause, or excuse for his failure to complain or object in the trial court." *Id.* The court thus concluded that Perry waived any error concerning the out-of-court identification

13

procedure and the admission of the in-court identifications. *Id.*; *Rodriguez v. State*, 975 S.W.2d 667, 673 (Tex. App.—Texarkana 1998, pet. ref'd) ("Failure to object to out-of-court identification procedures waives error."); *Van Zandt v. State*, 932 S.W.2d 88, 94 (Tex. App.—El Paso 1996, pet. ref'd) ("Without an objection to an in-court identification or to testimony based on an impermissibly suggestive identification procedure, no error is preserved.").

Here, both Houston and Deputy Gustafson testified, without objection, as to the out-of-court procedure that Gustafson used to obtain Houston's identification of appellant and Johnson on the evening of the robbery. Defense counsel also questioned both witnesses on cross-examination concerning this procedure. Defense counsel did not object when the State asked Houston at trial if he could recognize anyone in the courtroom as one of the men who robbed the store; nor did he object when Houston testified that appellant "looks familiar." Furthermore, although defense counsel filed a pre-trial motion to suppress other evidence, he did not move to suppress any identification testimony on the ground that the out-of-court identification procedure was impermissibly suggestive. *See Green v. State*, 835 S.W.2d 142, 145 (Tex. App.—Corpus Christi 1992, no pet.) (holding that pre-trial motion to suppress that raised suggestibility of identification procedure and was carried with case properly preserved issue for appellate review).

We therefore conclude that because appellant did not object to either the out-of-court identification procedure or to Houston's in-court identification of appellant, he failed to preserve his complaint that the out-of-court procedure was impermissibly suggestive for appellate review.

We overrule appellant's fourth issue.

## Conclusion

We affirm the judgment of the trial court.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.

Do Not Publish. TEX. R. APP. P. 47.2(b).